MAX A. SINGER, Respondent, *v.* HENRY DISSTON & SONS, INC., Appellant.

First Department, May 18, 1917.

Contract — agreement to furnish plans for exhibition booth — acceptance conditioned upon approval of plans by exhibition authorities — evidence — disapproval of plans and allotment of space on other plans.

Where defendants intended to exhibit at the Panama exhibition if they could procure from the authorities in charge thereof an allotment of space, which could only be had after the approval of a proposed plan of their exhibit, and the plaintiff offered to prepare plans for such exhibit,

which offer was accepted by the defendants in a letter stating that "should we be the successful applicant, and the space referred to be awarded to us, we will gladly contract with you to furnish the material and erect the booth per plans and bid submitted," the agreement to accept the plaintiff's plans was conditioned upon the defendants being awarded the space at the exhibition after an approval of the plans by the exhibition authorities.

Hence, in an action to recover the contract price for the plans it is error for the court to exclude evidence offered to show that the allotment of space to the defendants was refused upon the plaintiff's plans and was allotted upon plans made by other persons.

The defendants' letter was not merely an offer to enter into a contract upon certain conditions, but on the contrary was an acceptance of the plaintiff's offer upon terms, and the mere fact that the parties contemplated reducing the agreement to more formal terms is not important.

Nor is such contract void for lack of essential details regarding the materials to be used in the construction of the exhibit where it appears that it was understood between the parties that certain customary materials were to be used.

APPEAL by the defendant, Henry Disston & Sons, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of June, 1916, upon the verdict of a jury for $1,250.

*Ralph Polk Buell,* for the appellant.

*Herman B. Goodstein,* for the respondent.

SHEARN, J.:

The judgment under review was entered upon a verdict in an action to recover damages for breach of a written contract embodied in a proposal made by the plaintiff and an alleged unqualified acceptance thereof by the defendant. The learned trial justice held that the writings constituted a binding contract according to the tenor of plaintiff's claim, and submitted to the jury merely the question of damages.

The defendant was an intending exhibitor at the Panama Exposition in San Francisco, and wished to install a somewhat pretentious exhibit provided it could procure the allotment of a desired corner space. Allotments of space at the exposition were made only after submission of proposed plans and the approval of the exhibit plans by the exposition authorities. Plaintiff was in the business of designing and installing exhi-

bition booths, and maintained offices in the city of New York and branch offices in San Francisco. The defendant firm, which was located in Philadelphia, brought the matter to plaintiff's attention. After conferences with the defendant and a visit to defendant's factory, plaintiff prepared plans for defendant's booth, and submitted the plans to defendant with a letter in which he proposed to build and furnish the booth "on corner space 35'x35' as per plan submitted" at an agreed price, $4,800, with a percentage provision for extra work. There were no specifications, but the evidence fairly establishes that it was understood between the parties that the materials to be used were wood and staff, such as were ordinarily used at the exposition. The defendant in accepting the offer notified plaintiff that it was going to (and it did) send to the San Francisco Fair authorities in charge (one Green) a set of the plans "and then await his decision in regard to awarding the space. Should we be the successful applicant, and the space referred to be awarded to us, we will gladly contract with you to furnish the material and erect the booth per plans and bid submitted." Green required a plan in perspective and after some delay plaintiff got one up but did not get it into defendant's hands in time to submit the same. The defendant, evidently fearing that it would be barred out if it did not submit a plan in perspective, procured through its San Francisco representative new plans to be made by another party, which plans included a perspective, and these were submitted to a jury together with the plans prepared by plaintiff, exclusive of his perspective. Plaintiff's plans were unsuccessful and the space was allotted for the installation of an exhibit on the other plans. Plaintiff insisted, nevertheless, that his rights were fixed by the correspondence irrespective of the fact that the exhibit could not be installed according to his plans, and on defendant's proceeding to award a contract to the party on whose plans the space was allotted, brought this suit, although defendant had offered to recompense him for the time and expense to which he had been put in preparing the unsuccessful plans.

Upon the trial the court excluded evidence offered to show that the allotment of space to defendant was refused upon

plaintiff's plans and was allotted upon other plans, holding that defendant's acceptance of plaintiff's offer was an unequivocal agreement that if the desired space be allotted to the defendant it would erect a booth upon plaintiff's plans. In this we think the learned trial justice erred. While it was not definitely and clearly specified in defendant's acceptance of plaintiff's offer that it was conditioned upon defendant's being awarded space in which to install a booth upon plaintiff's plans the writings are susceptible of this construction and such a condition is clearly to be implied from the surrounding circumstances.

It is unreasonable to assume that the defendant intended to bind itself to pay the plaintiff $4,800 irrespective of whether the booth was or could be installed according to plaintiff's plans. The first requisite was to get. the allotment of space, and it is undisputed that this depended upon the plans. There can be no question about this. Plaintiff in his letter of May thirteenth wrote defendant: " I am perfectly confident that in applying for your space *with these plans* that there will be no question but what the Chief of the Manufacturers Building will be pleased to allot to you the space that you are after." It is true that plaintiff did not agree to enter into any competition with others in the preparation and submission of plans, but neither did he have any exclusive right to this work. The defendant in its letter of acceptance stated that it would send the plans on to San Francisco " and then await his [Green's] decision in regard to awarding the space." It then said that if it should be successful it would contract with the plaintiff to furnish the material and erect the booth " per plans and bid submitted." This clearly imported that the defendant accepted plaintiff's offer to install a booth according to his plan if an allotment of space was made to the defendant to install a booth according to these plans. The defendant had no control over selecting the plans. This was solely within the province of the exposition authorities. Defendant could only exhibit according to plans other than those of the plaintiff. It is, therefore, unreasonable to hold that it intended to bind itself to pay the plaintiff the agreed price for an installation that was not made and could not be made. The court, therefore, erred in holding as a matter

of law that the defendant was bound to pay irrespective of the allotment on plaintiff's plans, and in rejecting the evidence tending to show that his plans were rejected by the exposition authorities.

Defendant further contends that its letter accepting plaintiff's offer did not make a contract, but that it was merely an offer to enter into a contract upon certain conditions. This contention is not well founded. Defendant's letter was not a mere offer to enter into a contract; it was an acceptance of plaintiff's offer upon terms, and the mere fact that the parties contemplated reducing the matter to more formal terms is not important.

Neither is defendant's position well taken that there was no contract because essential details were lacking in the letters; for example, and chiefly, the specifications of material to be used. This would be a forceful argument were it not for the testimony of defendant's representative, Cooper, who admitted that it was understood between the parties that the ordinary materials of wood and staff were to be employed. This must have been so in view of plaintiff's making a definite price, for otherwise this would have been impossible.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SCOTT and DAVIS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.