REYNOLDS & MAGINN, APPELLEES, V. OMAHA GENERAL IRON
WORKS, APPELLANT.

FILED DECEMBER 4, 1920.    No. 21105.

1. **Sales: OFFER: ACCEPTANCE.** A letter to a firm of contractors, proposing, for a stated sum, to furnish all the material of a certain kind required in the erection of a certain building, according to its plans and specifications, in case the firm should be the successful bidders therefor, is such an offer as will, when accepted after the contract for the building has been awarded to the firm, constitute a valid and enforceable agreement.

2. ————: ORAL ACCEPTANCE: EVIDENCE. Evidence examined, and *held* sufficient to establish the unqualified oral acceptance by the appellees of the proposition to furnish the material aforesaid.

3. **Statute of Frauds: SALES: ORAL ACCEPTANCE.** The oral acceptance of a written offer to sell goods is sufficient to satisfy the statute of frauds, if the person making the offer is the party to be charged and the written offer contains all the essential terms of the proposed contract.

4. ————: MEMORANDUM: WRITTEN OFFER OF SALE. The written offer in this case *held* to set forth all the terms essential to constitute a sufficient memorandum to satisfy the requirements of the statute of frauds. Rev. St. 1913, sec. 2631.

5. **Contracts: INFORMAL AGREEMENT.** Though a more formal contract is expected to be afterwards made, an informal agreement complete in its terms will take effect if the parties so intend, provided that the formal contract is not to contain material provisions not contained in or to be inferred from the preliminary informal agreement. Where, therefore, such complete informal agreement has been conclusively established, it is not error to exclude as immaterial offered evidence to the effect that it was the custom of the parties in their previous dealings to embody their agreements in formal contracts.

6. **Appeal: FAILURE TO REPLY.** Where a case is tried in all respects as if the averments of the answer had been denied by reply, the fact that no reply was actually filed cannot be taken advantage of on appeal.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Edward R. Burke,* for appellant.

*Smith, Schall & Howell, contra.*

DORSEY, C.

Reynolds & Maginn, a firm of contractors, plaintiffs in the court below and appellees here, recovered a judgment against the appellant, Omaha General Iron Works, for damages for alleged breach of contract in failing to furnish the structural steel and iron required in the erection of a school building at Beemer, Nebraska, which the appellees were under contract to erect. Both parties moved for a directed verdict at the close of the evidence, the jury were discharged, and judgment was rendered by the court.

The action was predicated upon a letter received by the appellees from the appellant and the alleged oral acceptance of the offer therein contained. The letter follows:

"Omaha, Neb., Feb'y 9, 1917.

"Reynolds & Maginn, General Contractors,

3013 Ames Avenue, Omaha, Nebraska.

"Gentlemen: We propose to furnish the structural steel and miscellaneous iron for the erection of the high and grade school at Beemer, Nebr., in accordance with the plans and specifications prepared by Architect W. F. Gernandt, delivered f. o. b. cars Beemer, for the sum of nineteen hundred dollars ($1,900.00).

"In the above price we have included all door and window lintels, steel columns, and I-beams, ring and covers, joist anchors and hangers, clean-out door, cast-iron window sill, reinforcing bars for concrete stairs, door-frame anchors, one flag pole, one ashpit door. We trust these figures may be of some service to you and that if you are the successful bidders we may be favored with the order.

"OMAHA GENERAL IRON WORKS,

"D. B. Van Every."

The appellees made no written response to this letter, but on February 27, 1917, after having secured the contract for the schoolhouse, their representative called the appel-

lant by telephone and informed them that the appellees were the successful bidders. A conversation ensued in which, according to the testimony offered by the appellees, they notified the appellant of their acceptance of its offer to furnish the steel and iron pursuant to the terms of the letter of February 9, and the appellant signified its intention to comply therewith. March 12, 1917, however, the appellant advised the appellees by letter that a mistake of $600 had been made in its estimates of the cost of the material in question, and that it would not furnish the same except at an increase in that amount. The appellees then procured the material from another concern at a cost exceeding the appellant's estimate of $1,900 in the sum for which judgment was rendered in this action.

Deferring, for the moment, the question whether or not there was a sufficient acceptance of the alleged offer, as contained in the letter, our first inquiry must be whether the letter of February 9 constituted such an offer or proposal as could be turned into a contract by acceptance. *Nebraska Seed Co. v. Harsh,* 98 Neb. 89, holds, in substance, that a letter intended only as a preliminary negotiation, an invitation to the person addressed or to the public generally, or to those engaged in a particular line of business, to make an offer or to trade, or a letter in the nature of an advertisement or circular addressed generally to those engaged in a particular line of business stating the price at which property is held, could not be converted into a contract by acceptance. The language of the letter in question in that case consisted of a statement that the writer had about 1,800 bushels of millet seed and wanted a certain price therefor. It was held not to be a final proposition, but a mere request for bids, because it did not contain a distinct offer to sell.

The letter involved in the instant case, however, was in the form of a definite proposal to furnish the material required in the erection of a certain building, in accordance with certain plans and specifications and for a total sum. It was in the nature of a bid for the entire amount

of material of the kind indicated required for a particular job, rather than a general quotation of prices of different kinds of material handled by the appellant, such as the ordinary trade circular. The recipient of a trade circular or price quotation usually must formulate and send an order stating the quantities of different kinds of material desired, and that would be the basis of the contract if it should be accepted by the seller; but in the instant case the terms of the letter obviate that necessity. The quantities and kinds of material fixed by the plans and specifications were equally well known to both parties; nothing was left for future negotiation. The appellant knew that the appellees were bidders for the Beemer schoolhouse, and the letter was a proposal expressly conditioned upon their bid being accepted. By the terms of the letter the appellant, in effect, invited the appellees to accept its offer and to enter into a contract on the basis of the letter if their bid should be successful, and it was tacitly understood that acceptance or rejection of the appellant's proposal should await the result of the competition for the schoolhouse. The terms of the proposed contract being definitely and completely covered by the letter, can it be said that the letter was intended merely as an invitation to future negotiation, to be consummated by the execution of a later and distinct contract? We think not. On the contrary, we are convinced that it was the intention of the parties to treat the letter as the basis of the contemplated contract, and to consider it closed by acceptance duly notified to the appellant.

In *Peirce v. Cornell*, 117 App. Div. 66, 102 N. Y. Supp. 102, a case quite analogous to the instant case, it is said: "The test is whether or not the proposition by one party and its acceptance by the other shows that the minds of the parties met as to the terms of the contract, leaving no essential term to future agreement." We are of the opinion that the letter in question satisfies that test, and that, if there was a valid acceptance of the proposal therein contained, an enforceable contract resulted. *Campfield v. Sauer*, 91 C. C. A. 304, 164 Fed. 833,

Turning now to the issue of acceptance, the testimony on behalf of the appellees was that they notified the appellant by telephone of their acceptance of the proposal embodied in the letter of February 9, and that the appellant assented thereto. While the appellant's version of this conversation did not coincide exactly with the appellees', we think that the fact that there was an unqualified oral acceptance of the proposal was not successfully controverted. If there were any doubt or conflict upon that point, it should be borne in mind that the case was submitted to the trial court upon the facts as well as the law, and that its finding, being supported by sufficient, though conflicting, evidence, is conclusive.

That an oral acceptance of a written offer to sell goods is sufficient to satisfy the statute of frauds, if the person making the offer is the party to be charged and the written offer contains all the essential terms of the proposed contract, is supported by the weight of authority. *Willis v. Ellis*, 98 Miss. 197, Ann. Cas. 1913A, 1039, and note; *Carter v. Western Tie & Timber Co.*, 184 Mo. App. 523; *Kohn & Baer v. Ariowitsch Co.*, 168 N. Y. Supp. 909, 181 App. Div. 415; *Smith v. Gibson*, 25 Neb. 511. The appellant, however, contends that the letter of February 9 was not a sufficient memorandum under the provisions of section 2631, Rev. St. 1913. The appellees claim that, since the contract relates to iron and steel to be manufactured according to plans and specifications, it deals, not with goods in existence at the time, but with work and labor to be bestowed in their manufacture, and that the contract does not come within the purview of the statute of frauds. That question need not be discussed here, for if it be assumed that the contract involved in the instant case is one within the statute of frauds, the letter, in our opinion, constitutes a sufficient memorandum. This court has uniformly held that our statute of frauds does not require all the terms of the contract to be stated in the written memorandum, but that details may be supplied by parol evidence. *Rusicka v. Hotovy*, 72 Neb. 589; *Mc-*

*Caffrey Bros. Co. v. Hart-Williams Coal Co.,* 96 Neb. 774.
We cannot perceive that any essential term was omitted
from the letter. It set forth with certainty the material to
be furnished, the price to be paid, and the place of delivery.
When the delivery was to be made and the price to be
paid was not specifically covered, but these were matters
which, if not implied from the other terms of the contract,
could be supplied by parol under the rule laid down in
the above-cited cases.

In proof of its contention that the letter of February 9
was intended to be only part of the preliminary negotia-
tion, to be consummated later by the execution of a formal
contract, and not to be binding until such formal contract
was entered into, the appellant offered to show that like
preliminary proposals to furnish materials had often before
been submitted by it to the appellees, and that it had been
their custom always in such cases to enter into a separate
formal contract. The form of contract used on such pre-
vious occasions was also offered in evidence. The refusal
by the court to admit the offered evidence is assigned as
error. In view of our conclusion that the letter expressed
all the terms essential to a complete contract and became
so when accepted, it was, in our opinion, immaterial
that the parties may have contemplated reducing it to a
more formal writing. 13 C. J. 290, 291; *United States
v. Carlin Construction Co.,* 138 C. C. A. 449, 224 Fed.
859; *Singer v. Disston & Sons,* 178 App. Div. 108, 165
N. Y. Supp. 94. "The law undoubtedly is that an informal
agreement complete in its terms will take effect if the
parties so intend, though a more formal contract is expect-
ed to be afterwards made, provided that the formal con-
tract is not to contain material provisions not contained
in or to be inferred from the preliminary informal agree-
ment." *Garrick Theatre Co. v. Gimbel Bros.,* 158 Wis. 649.

No reply was filed to the appellant's answer, and it is
argued that the new matter set up therein must therefore
be taken as true, and that the appellant was, for that
reason, entitled to judgment. Evidence was tendered by

the appellant in the court below in support of all the averments of its answer, as if they had been put in issue by reply. The case having been tried in all respects as if a reply had been filed, the fact that it was not actually filed cannot be taken advantage of on appeal. *Gruenther v. Bank of Monroe*, 90 Neb. 280.

No error appearing in the record, we recommend that the judgment be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.