## FIDELITY & DEPOSIT CO. OF MARYLAND v. W. H. PUTEGNAT CO., Inc., et al. (No. 8182.)

Court of Civil Appeals of Texas. San Antonio. March 20, 1929.

Rehearing Denied April 10, 1929.

Albert B. Hall, of Dallas, for appellant.

Wells & Richards, B. N. Goodrich, H. B. Galbraith, and Seabury, George & Taylor, all of Brownsville, for appellees.

FLY, C. J. W. H. Putegnat Company, Incorporated, one of the appellees, instituted a suit against W. W. Huitt, R. H. Milton, and Fidelity & Deposit Company of Maryland for the sum of $797, with interest, and John F. Grant, another appellee, brought a separate suit against the same parties for the principal sum of $2,489.50, with interest, and for the foreclosure of the materialmen's lien on lot No. 1, block 48, Olmito townsite, in Cameron county. The parties so agreed and the two causes were consolidated as cause No. 7164, entitled W. H. Putegnat Co., Inc., v. W. W. Huitt et al. The Frontier Lumber Company intervened and sought a judgment against the same defendants as in the consolidated suit for $201.80. A jury was waived and judgment rendered in favor of W. W. Huitt as against the claims of all the parties and denied John F. Grant any foreclosure on lot No. 1, block 48, Olmito townsite, as prayed for by said Grant, and relieved the property of said Huitt from all claims against it for material or labor furnished to R. H. Milton. It was also adjudged that W. H. Putegnat Company, Incorporated, recover of the Fidelity & Deposit Company of Maryland the sum of $674.63, that John F. Grant recover of the Fidelity & Deposit Company of Maryland the sum of $2,151.64, and the intervener, the Frontier Lumber Company, recover of the Fidelity & Deposit Company of Maryland the sum of $173.73. R. H. Milton was cited by publication, and the cause was dismissed as to him. This appeal is prosecuted by the Fidelity & Deposit Company of Maryland.

W. W. Huitt contracted with R. H. Milton to construct him a residence in the Olmito townsite for himself and wife and children at a certain sum. Milton breached his contract and left. Huitt at once notified appellant by telegraph and letter of Milton's abandonment of his contract and reminded it that he held its bond for $3,000 as surety for Milton. A week after sending the letter and telegram Huitt received a telegram as follows: "Without admitting any liability or waiving any defense we hereby waive any right we have to complete contract. Please advise fully as to facts." In a letter written by appellant on same date as the telegram it stated that it was unable to advise what procedure to follow. Huitt then went to Deen, the local agent of appellant, and Deen told him: "Your home will be completed. I have authority to go through with it, and all the money you have on hand, as I complete the job, turn in to me." Huitt paid various sums of money, making checks for the same payable to W. W. Deen, "agent of this bonding company." Huitt swore: "Deen told us it would be perfectly all right, for me not to worry, that the bonding company would take care of all unpaid bills, and for me to pay this money over to him, which I did at different times." Deen swore that he was the agent of appellant and secured the bond for it from Milton, and that Moore, who was the attorney in fact for the appellant in Texas, instructed Deen to complete the building, and, while he was completing it, reported from time to time to the general state office in Dallas, of the progress of the work. He would call over the telephone to the appellant in Dallas, and Moore would answer and give instructions. Moore did not deny that he had authority to proceed with the completion of the building nor that Deen proceeded under his instructions to complete the building. The agency of Deen was not denied by Deady, who seemed to be appellant's agent to deny its liability and repudiate contracts made by Moore. Rev. Stats. art. 4977; San Antonio Brewing Ass'n v. J. M. Abbott Oil Co. (Tex. Civ. App.) 129 S. W. 373. The office seems to have been binding on appellant when telegram and letter were sent to

Messrs. Seabury, George & Taylor, attorneys for Huitt and others, but the same office cannot bind when completion of the building was undertaken. The right to complete the building in case of default of the contractor was reserved by the bonding company in the bond. It exercised that right and completed the building. The contractor was to furnish all the material.

The facts set out hereinbefore would bring this case directly within the purview of Gay v. Acme Brick Co., 15 S.W.(2d) 725, recently decided by this court, were it not that no judgment was obtained against the owner of the property. No personal judgment was sought, and the proof showed that the building was the homestead of Huitt and wife against which no lien had been fixed. We think, as held in the Gay Case, that when Milton abandoned his contract and appellant undertook to complete the building and fulfill his contract, that it became liable for the claims against Huitt, under the terms of its bond, if there had been any liability upon the part of Huitt to the appellees. But there was not. He was not liable personally for any debts of Milton, incurred for labor or material, the only liability attaching through a lien upon the property which appellees had not caused to attach to the homestead. The claims held by appellees were against the contractor, and they held no claims against Huitt personally, the Constitution and statute giving the lien on property for labor and material furnished, not providing for the personal liability of the owner of the property. Const. art. 16, § 37; Rev. Stats. art. 5452.

The Constitution and statute make the property of the owner liable for debts for labor and material furnished to make improvements on the property. The bond given by appellant was to indemnify Huitt against any and all loss or damage by reason of the failure of the principal (contractor) "to faithfully perform said contract," and, there being no damage to the owner in this case, the necessary corollary arises that appellant is not bound to pay any damages. In the Gay Case there was a judgment against Mrs. Gay for the claims and a lien fixed on her property, and this court held that she was entitled to a judgment over against the surety on the contractor's bond, because it had bound itself to indemnify her against such loss, which arose through the fault of the contractor. Appellant was under no obligation to appellees by virtue of the bond given to indemnify Huitt, and it had not bound itself to pay the creditors of the contractor generally for all debts due by him. Jones Lumber Co. v. Villegas, 8 Tex. Civ. App. 669, 28 S. W. 558.

Except as to Huitt, judgment will be reversed and judgment here rendered that appellees take nothing by their suit and pay all costs in this behalf expended. The judgmen is affirmed as to Huitt.