### SOUTHERN SURETY CO. v. WEAVER BROS. et al.

#### No. 1961.

Court of Civil Appeals of Texas. Beaumont. Jan. 21, 1931.

Rehearing Denied Feb. 4, 1931.

J. T. Suggs, Jr., of Dallas, and Anderson & Lewis, of Center, for appellant.

Chas. L. Brachfield and Jno. Arnold, both of Henderson, and Davis & Davis and Sanders & McLeroy, all of Center, for appellees.

### WALKER, J.

This was an action by Weaver Bros. against the Methodist Episcopal Church, South, of Center, Tex., N. O. Thomas & Sons, and appellant, Southern Surety Company, to recover the sum of $4,091.57, the contract price of certain material furnished N. O. Thomas & Sons, contractors, used by them in constructing a house of worship for the Methodist Church. The surety company was sued on the theory that being the surety on the bond executed by Thomas & Sons to secure the faithful performance of the building contract, it was liable for the unpaid material bills. Weaver Bros. also claimed against the church a lien for the material furnished. The trial was to a jury, and on its verdict judgment was against appellant Southern Surety Company and N. O. Thomas & Sons for the sum of $4,091.57, with judgment in favor of the surety company over against Thomas & Sons. Judgment was in favor of the church that Weaver Bros. recover nothing against it and releasing its property from the claimed lien. The surety company and Weaver Bros. perfected appeals from this judgment.

The bond sued upon, executed by N. O. Thomas & Sons as principal and appellant as surety, was conditioned as follows:

"That, whereas, the said N. O. Thomas, M. H. Thomas and R. G. Thomas, trading under the firm name of N. O. Thomas & Sons, have entered into a contract with the said Methodist Episcopal Church South, of Center, Texas, for the erection of a new Church building on the East one-half of Block No. 42, in the City of Center, and to erect the same according to the plans and specifications as prepared by Wm. C. Meador of Fort Worth, Texas, as modified by Exhibit 'B' attached to said specifications, and to erect said building according to said plans and specifications, as modified by said Exhibit 'B', for the sum of Thirty Thousand & no/100 ($30,000.00) Dollars, which said contract is dated April 19, A. D. 1927.

"The said plans and specifications as prepared by the said Wm. C. Meador, together with the said Exhibit 'B' attached thereto are here now referred to, made a part hereof, as if same were copied in whole herein.

"Now, therefore, if the said N. O. Thomas, M. H. Thomas and R. G. Thomas, trading under the firm name of N. O. Thomas & Sons, shall complete said contract according to said plans and specifications for the same, and as modified by said Exhibit 'B,' and shall indemnify said Methodist Church South, of Center, Texas, against all loss or expense resulting from the failure of said N. O. Thomas, M. H. Thomas, and R. G. Thomas, trading under the firm name of N. O. Thomas & Sons, to pay all labor and material bills, in connection with said contract, then this obligation shall become null and void; otherwise to remain in full force and effect. * * *"

The contract, as pleaded by plaintiff Weaver Bros., in stipulating for the furnishing of a bond by the contractor, provides:

"Contractor agrees, binds and obligates himself to make and enter into a good and solvent bond in the sum of Twenty Thousand & no/100 ($20,000.00) Dollars, payable to the owner securing and guaranteeing the faithful performance of this contract."

The general plans and specifications, introduced in evidence, in connection with the contractor's bond, provides:

"The owner shall have the right, prior to the signing of the contract, to require the contractor to furnish bond covering the faithful performance of the contract and the payment of all obligations arising thereunder, in such form as the owner may prescribe and with such sureties as he may approve."

The contractor Thomas & Sons was acting, in the contract in question, as independent contractors. The said contract, as alleged in plaintiff's petition, provided:

"* * * Contractor * * * does agree with the said owner that they will· * * * build * * * said church building * * * furnishing all of the material of whatever kind necessary to be used and paying all expenses incident to the said labor and the furnishing of material."

By reference the contract and specifications were made a part of the bond. Construing the contract, appellant in its brief says:

"The contract bound Thomas & Sons as contractor, to pay for all labor and material, to be sure."

As part of the consideration paid by N. O. Thomas & Sons to appellant for assuming the obligation of surety on their bond, they made to it the following assignment:

"That in the event of the failure of the undersigned to comply with, or make due performance of, any covenant hereof, or of the contract which the Company is hereby requested to guarantee, or any other contracts heretofore guaranteed, the Company may at any time thereafter take such steps as it may deem necessary or proper to obtain due performance of such contract or contracts (and for such purpose may sublet or assign the same), or its release from all liability under any and every such bond and contract, and to secure and further indemnify itself against loss; and all damage and expenses which the Company may sustain or incur, or to be put to in obtaining such release, or in further securing itself against loss, shall be borne and paid by the undersigned. And for the better protection of said Company, and as collateral security hereto and for all claims of said surety against the undersigned, we, the undersigned, do by these presents, as of the date hereof, hereby assign, transfer and convey to the said Company, all the right, title and interest of the undersigned in and to all the tools, plant, equipment and materials of every nature and decription that we may now or hereafter have upon said work, or in, on or about the site thereof, including as well materials purchased for or chargeable to said contracts which may be in process of construction, in storage elsewhere, or in transportation to said site. And also, we, the undersigned, do hereby convey and assign to the said Company any and all payments, funds, moneys or property due or to become due to the undersigned as provided in said contract, and also all of our right in and to all sub-contracts which may have been or may hereafter be entered into, and the materials embraced therein. The condition of this conveyance being that in the event the undersigned shall fail or are unable to complete said work in accordance with the terms of the contract or contracts covered by such bond or bonds, or in event of any default on the part of the undersigned on any of said contracts, we, the undersigned do hereby nominate and appoint the president or vice president of the company our true and lawful attorney with full right and authority to sign the name of the undersigned to any voucher, check, release, bill of sale, satisfaction or paper necessary or desired to carry into effect the purposes of this assignment, hereby ratifying and confirming all that our said attorney may lawfully do in the premises, and do further authorize and empower said company, its authorized agents or attorneys, to enter upon and take possession of said tools, plant, equipment, materials and subcontracts and enforce, use and employ such possession."

It was further provided by the contract between the parties that in case of default by N. O. Thomas & Sons appellant should have the option of completing the building in accordance with the plans and specifications. N. O. Thomas & Sons made default and abandoned the contract. Due notice was given appellant of the default. At that time, the church held in its treasury a balance of about $5,000 of the contract price. As it had a right to do, appellant assumed the obligations of the contract and completed the building according to the plans and specifications

to the satisfaction of the church. At request of appellant, the church furnished it with evidence of the satisfactory completion of the building, which was as follows:

"Southern Surety Company
"Des Moines, Iowa
"Gentlemen:

"This is to advise you that subject to the exceptions hereinafter stated, the Methodist Episcopal Church South, of Center, Texas, has been completed to the satisfaction of the Building Committee, and is accepted by said Committee, subject to said exceptions, which are as follows:

"(1) It is not intended to release you from payment of any and all amounts due for material furnished and labor performed in the construction and erection of said church which are now unpaid, but that you remain liable as surety on contractor's bond for the payment of such amounts.

"(2) It is not intended by this instrument to accept hidden defects, if any there be, in the erection of said church."

Appellant did not object to the terms of this acceptance, but received it as in compliance with its request. When Thomas & Sons abandoned the contract, they owed Weaver Bros. for material actually furnished by them and actually used by Thomas & Sons in the construction of the building the amount sued for, as found by the jury. In taking over the completion of the contract appellant exercised its rights under the assignment made to it by N. O. Thomas & Sons, as copied above, by using all material, tools, appliances, etc., left by them on the job when the work was abandoned. Whether appellant knew, in fact, at the time it took over the work, that N. O. Thomas & Sons were due Weaver Bros. the sum sued for for material furnished by them in the construction of the building, it acquired this information before the building was completed and before the balance of the contract price retained by the Church at the time of the default by N. O. Thomas & Sons had been expended; and, further, at the time it took over the work it was vested with facts sufficient to put it on notice of the claim of Weaver Bros.

To complete the work required the expenditure of all the contract price with the additional sum of $1,226 advanced by appellant. Thus no part of the contract price was available for the purpose of liquidating the claim of Weaver Bros. As we understand the record, this was the only claim for material left unpaid. Weaver Bros. wholly failed to take the necessary legal steps to perfect their lien for the material furnished. They pleaded estoppel against the church to deny the validity of the lien, alleging that the agent of the church had asked them not to take steps to correct the defective filing of their claim and not to file suit in garnishment against the church, promising that the church would pay the claim if these things were not done. These issues went to the jury by appropriate questions, but as the jury reported it was unable to agree upon answers to these questions, the trial court, on its own motion, withdrew the questions from further consideration.

Opinion.

Appellant's principal proposition for reversal is as follows:

"Where a contractor abandons a building contract, having furnished to the property owner a surety bond conditioned for the indemnification of said property for loss or damage sustained by reason of such contractor's default in performance of such contract, which bond names only such property owner as the obligee thereof; and where, after such abandonment by such contractor, the surety on such bond completes the building, such surety does not thereby become bound to materialmen for the payment of material bills incurred by said contractor prior to his abandonment of his said contract."

In support of this proposition appellant cites Fidelity & Deposit Co. of Maryland v. Putegnat Co., et al., 15 S.W.(2d) 729, by the Court of Civil Appeals at San Antonio. A careful examination of the facts of that case shows them to be, in their material bearing on the legal questions involved, absolutely on all fours with the facts of this case. The opinion by the Court of Civil Appeals sustains appellant's proposition as quoted above, and if that proposition is the law, appellant would be entitled to a reversal of the judgment of the lower court and a rendition here in its favor that Weaver Bros. recover nothing against it. But writ of error was granted by the Supreme Court in that case and the judgment of the Court of Civil Appeals was reversed. After carefully restating the facts and referring to the opinion of the Court of Civil Appeals for a fuller statement of facts, Judge Short, writing the opinion, said [Putegnat v. Fidelity & Deposit Co. (Tex. Com. App.) 29 S.W.(2d) 1004, 1007]:

"When the owner notified the defendant in error that the contractor had made default, the record shows that it elected to complete the contract, thereby becoming entitled to all the benefits of the contract and assuming all its responsibilities. When the defendant in error reserved the right to make this election, and after he had exercised it, under the very conditions which it had previously prescribed, there was an assignment to it by virtue of the existence of the conditions set forth in the contract which had been made between the owner and the contractor. The contract having thus been assigned by the existence of the conditions and the election on the part of the defendant in error to complete the contract, the defendant in error became entitled to the benefits of the con-

tract, and necessarily assumed its burdens. The owner discharged his obligations under the contract. The contractor failed to discharge his, whereupon the defendant in error exercised its right to complete the contract and to stand on the terms of the bond, which, as we have seen, was so written as to embrace within its terms the contract made between the owner and the contractor. The facts in this case show the elements of an assignment by the contractor to the defendant in error of the contract, with the consent of the owner of the building, whereby the defendant in error, upon its election to complete the contract, became entitled to all of its benefits and assumed all of its responsibilities."

A further discussion of the law of this case is not necessary. The facts, as we have stated them, appear without controversy, bringing this case clearly within the rule announced by Judge Short. In view of what has been said, the other errors assigned become immaterial. It is therefore ordered that the judgment of the lower court be, and the same is hereby, in all things affirmed.