In the Matter of the Accounting of WILLARD A. WHITE et al., as Executors of HAROLD C. STAFFORD, Deceased, Appellants. BEECHER S. CLOTHER, as Special Guardian, Appellant; RETA GILMOUR et al., Respondents.— This is an appeal by the executors of the estate of Harold C. Stafford, deceased, and the special guardian, from a decree of the Surrogate's Court of Warren County which allowed the claims of respondents against the estate. At the time of his death on June 8, 1948, the decedent was insured under two policies of insurance with the Prudential Insurance Company of America. In one of these policies his sister, Ada Hoyt, was the designated beneficiary which policy amounted to $5,622.79, and in the other his sister, Reta Gilmour, was the designated beneficiary in the sum of $5,620.56. On February 16, 1942, decedent borrowed from the First National Bank of Glens Falls upon a promissory note the sum of $2,000, and pledged the two insurance policies in question as security for the payment of the note. Apparently, for the purpose of obtaining the loan decedent, in accordance with his reserved right to change the beneficiary, changed the designated beneficiary in each of said policies to the executors and administrators of his estate instead of to his sisters. Thereafter, decedent again changed the beneficiary in each of said policies and redesignated his sisters as the respective beneficiaries thereof. Each of said policies by indorsement provided that the commuted value of the installments payable thereunder shall be payable forthwith to "the respective designated beneficiary". When decedent made this loan from the bank and up to and including his death he was possessed of real and personal property in excess of $75,000, over and above his debts and liabilities. After decedent's death the insurance company paid to the First National Bank of Glens Falls the amount of the note and remitted to each respondent the balance due under the insurance policies. Thereafter, respondents presented to the executors claims in writing against the estate asserting that each was subrogated to the rights of the First National Bank of Glens Falls to the extent of the deductions made from the proceeds of each respective policy applied in payment of the decedent's note due the bank. The executors rejected the claims and, thereafter, a hearing was had before the Surrogate who allowed them. From the determination of the Surrogate the appellants have come to this court. The Surrogate determined that the debt due to the bank was a primary obligation of the decedent and consequently became a debt against his estate. He held that the respondents have valid claims against the estate for the difference between what they received from the insurance company and the amount of decedent's debt. The relationship between the decedent and the bank was that of debtor and creditor and when decedent's note was paid from the policies involved, respondents became subrogated to the rights of the bank. The decree of the Surrogate is unanimously affirmed, with costs to all parties including the special guardian payable out of the estate. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.