THOMAS M. SHERIDAN, DOING BUSINESS AS SHERIDAN CHEVROLET & IMPLEMENT CO., APPELLEE, V. DUDDEN IMPLEMENT, INC., A CORPORATION, APPELLANT.
119 N. W. 2d 64

Filed December 28, 1962. No. 35274.

Hastings & Wanek and Firmin Q. Feltz, Jr., for appellant.

McGinley, Lane, Mueller & Shanahan, W. C. Conover, and Franklin D. Carroll, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

Plaintiff brought this action in replevin to recover possession of a grain harvesting machine referred to in the record as a combine. The defendant denied generally. The jury found for the plaintiff and defendant has appealed.

The evidence shows that Thomas M. Sheridan, plaintiff, was engaged for many years in the implement business at Sutton, Nebraska, under the name of Sheridan Chevrolet & Implement Co. On or about May 29, 1958, Sheridan sold the combine here involved to Willard J. Levander for the sum of $7,300, $5,000 of which was to be financed by Sheridan. The transaction was not to be closed and the necessary instruments executed until the combine was delivered. Employees of Sheridan delivered the combine from a point where it was procured in Missouri to Levander at Meadow Grove, Kansas, several weeks later. The employees not having completed the transaction upon the delivery of the combine, Sheridan sought out Levander in Kansas, procured the down payment, and accepted a conditional sale contract providing for payments of $5,375.83 before title was to pass. Sheridan assigned the conditional sale contract to General Motors Acceptance Corporation with recourse. Shortly prior to August 7, 1958, Sheridan learned that the conditional sale contract had not been filed for record. He sought out Levander and accepted a chattel mortgage from him on the combine bearing the date of

August 7, 1958, which he filed for record in the office of the county clerk of Scotts Bluff County, Nebraska. Sheridan testified that he took the chattel mortgage to protect himself if he was called upon to pay the balance due on the conditional sale contract under his assignment to General Motors Acceptance Corporation with recourse. Sheridan was later called upon and did pay the balance due on the conditional sale contract to the General Motors Acceptance Corporation. The latter failed to return the conditional sale contract to Sheridan, its district representative testifying that it had either become lost or mistakenly sent to Levander.

On October 31, 1958, Sheridan and one Selvy, the district representative of General Motors Acceptance Corporation, personally checked the chattel mortgage records in Scotts Bluff County, Nebraska, and found that the conditional sale contract was not filed for record. On the same day, through information furnished by Levander, they found the combine on a farm 5 miles west of Minatare in Scotts Bluff County, Nebraska. The combine was still on this farm at 5:30 p.m., on this day. On the same day the conditional sale contract was filed for public record in Scotts Bluff County.

On December 1, 1958, the defendant, Dudden Implement, Inc., traded a truck and trailer to Levander for two combines, one of which is the subject of this action. The trade was made at Brush, Colorado, where the combines were then located and where Levander was living. Defendant checked the records of Morgan County, Colorado, the county in which Brush is located, and found no liens of record. Defendant sold the combine but obtained it back when Sheridan's claimed interest was made known to it. It is the contention of defendant that it had no knowledge of any interest in the combine and that the filing of the conditional sale contract in Scotts Bluff County was invalid for the purpose of giving constructive notice under the recording statutes.

Levander was engaged in custom harvesting in Kansas and Nebraska. There is sufficient evidence to sustain a finding that Levander was a resident of Brush, Colorado, and therefore a nonresident of Nebraska. When Sheridan paid the balance due on the conditional sale contract to the General Motors Acceptance Corporation he became subrogated to the rights of that corporation to the extent of the payment made under the circumstances shown by the record. The general rule is: "The doctrine of subrogation, which at one time was limited in its operation to sureties, still finds its most frequent application where a guarantor or a surety makes good the default of his principal. On discharging the obligation of the principal, the surety is generally subrogated to the rights of the creditor or obligee and becomes entitled to the securities and the means or remedies which the creditor has for enforcing payment against the principal or others who are liable for the debt." 50 Am. Jur., Subrogation, § 49, p. 714. See, also, American Surety Co. of New York v. School Dist., 117 Neb. 6, 219 N. W. 583; Mead Co. v. Doerfler, 148 Neb. 75, 26 N. W. 2d 393. We need not give consideration to the contention that Sheridan had no assignment of the conditional sale contract from General Motors Acceptance Corporation before the replevin action was brought, for an assignment is unnecessary where the right of subrogation exists. Crawford State Bank v. McEwen, 132 Neb. 399, 272 N. W. 226.

Since Sheridan had acquired the rights and remedies of the General Motors Acceptance Corporation the only question to be determined is whether or not the defendant had constructive notice of the conditional sale contract, the defendant admittedly not having actual notice of it. This requires us to determine whether or not applicable recording statutes were complied with so as to preserve Sheridan's interest in the combine as against one claiming an interest but having no actual notice.

The applicable recording statute states in part: "Where a vendee or lessee of personal property, * * * obtains actual possession pursuant to a contract of sale or lease containing a stipulation which makes the transfer of title or ownership depend on any condition, such stipulation shall not be valid against any purchaser, * * * without notice * * * unless the said contract or lease * * * or a copy thereof be filed in the office of the clerk of the county within which such vendee or lessee resides, or if the vendee or lessee is a nonresident of the state in the office of the clerk of the county where the property is located." § 36-207, R. R. S. 1943.

The evidence sustains a finding that Levander was a nonresident of Nebraska. It sustains a further finding that the conditional sale contract was filed for record in the office of the clerk of Scotts Bluff County, Nebraska, on October 31, 1958, and that the combine was located in that county on such date. The recording of the conditional sale contract was in accordance with section 36-207, R. R. S. 1943, and constituted constructive notice to a subsequent purchaser after October 31, 1958. The jury's verdict, finding that the interest of Sheridan in the combine was superior to that of the defendant, is supported by the evidence.

It is the contention of defendant that the execution of the chattel mortgage by Levander and its acceptance by Sheridan constituted a novation resulting in the cancellation of the conditional sale contract and the taking of the chattel mortgage in its stead. The chattel mortgage transaction was solely between Levander and Sheridan at a time when Sheridan's only interest was a contingent liability on his guaranty. The General Motors Acceptance Corporation, to which the conditional sale contract had been assigned, was not a party to it nor did it agree to the cancellation of the conditional sale contract upon the taking of the chattel mortgage. In order that an agreement result in a novation there must be an extinguishment of the existing

liability and the substitution of a new one in its place. In re Estate of Wise, 144 Neb. 273, 13 N. W. 2d 146. The taking of the chattel mortgage did not result in a novation.

Defendant further contends that the taking of the chattel mortgage by Sheridan released the conditional sale contract, or at least estopped him from asserting the conditional sale contract because of the inconsistency of interest in the two instruments and the recognition of title in Levander in accepting the chattel mortgage. This contention would be a valid one if Sheridan accepted the chattel mortgage at a time when he was also the owner of the conditional sale contract, which he was not. General Motors Acceptance Corporation was the owner of the conditional sale contract. Sheridan had no interest in it other than a contingent liability upon the default of Levander. Upon the payment of the balance due under his contract of guaranty, Sheridan's right of subrogation first arose, unimpaired by the transactions which had preceded it.

Error is assigned in that the trial court admitted evidence, over objection, of transactions between defendant and Levander after the filing of the present case. The trial court by an instruction directed the jury to disregard the specific evidence to which objection was made. The instruction corrected the error.

We have examined the remaining assignments of error and find nothing in them that is prejudicial to the rights of the defendant. For the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.