DRYCLEANERS ACCEPTANCE CORPORATION, APPELLEE, V. FRANCIS E. THURSTON ET AL., APPELLANTS, IMPLEADED WITH JACK R. BOARTS, DOING BUSINESS AS BON TON CLEANERS, APPELLEE.

CONSOLIDATED WITH: DRYCLEANERS ACCEPTANCE CORPORATION, APPELLEE, V. ERNEST J. ARP, SHERIFF OF SARPY COUNTY, NEBRASKA, APPELLEE, FRANCIS E. THURSTON ET AL., INTERVENERS-APPELLANTS.

140 N. W. 2d 657

Filed March 4, 1966. No. 36054.

Robert Saxton, for appellants.

George H. Thompson and Edward J. Baburek, for appellee Drycleaners Acceptance Corp.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

The single issue in both cases is the necessity for recordation of a conditional sale contract in the county to which the property was removed by the buyer, a nonresident of Nebraska, despite timely recordation in the county where the property had been located  The seller's assignee claimed a lien senior to a creditors' lien under a writ of attachment.  The district court rendered judgment for the assignee in both cases, and the attaching creditors have appealed.

The buyer resided in Council Bluffs, Iowa, at all times material here, but he operated a business in Douglas County, Nebraska, until January 1961.  On August 29, 1960, the seller's assignee filed the conditional sale contract in the office of the county clerk of that county. The contract provided that its subject matter, drycleaning equipment, was not to be removed from the county without written permission of the seller.  In January 1961, the buyer transported the equipment to Sarpy County, Nebraska, where he installed it in a building leased to him by the attaching creditors.  Six months later the assignee learned independently that the equipment had been relocated, the buyer having failed to give notice or to obtain permission.  The order of attachment was executed in November 1962.  The conditional sale contract was not filed in Sarpy County.

The attaching creditors contend that the assignee lost the seniority of its lien by failure to file the contract in Sarpy County. The recording statute, former section 36-207, R. R. S. 1943, provided in part as follows:

"Where a vendee * * * obtains actual possession pursuant to a contract of sale * * * containing a stipulation which makes the transfer of title * * * depend on any condition, such stipulation shall not be valid against any * * * judgment creditor * * * without notice * * * unless the * * * contract * * * be filed in the office of the clerk of the county within which such vendee * * * resides, or if the vendee * * * is a nonresident of the state in the office of the clerk of the county where the property is located."

Analogies caution us against reading such a requirement into the statute. The public record in the county of the buyer's residence protected the seller, although the buyer had taken the property to another county. Crancer Co. v. Cooper, 98 Neb. 153, 152 N. W. 304. Cf. Sheridan v. Dudden Implement, Inc., 174 Neb. 578, 119 N. W. 2d 64. The constructive notice of a chattel mortgage in the county of the mortgagor's residence extended into whatever county he moved with the property. Cool v. Roche, Hall & Ray, 20 Neb. 550, 31 N. W. 367; Grand Island Banking Co. v. Frey, 25 Neb. 66, 40 N. W. 599, 13 Am. S. R. 478.

These cases applied the general rule which is controlling here. In the absence of further statutory requirement the public record of a security interest in the proper county is notice of the claim, despite the removal of the property to another county by a nonresident of the state. See, Montague Brothers v. Shepherd Co., Inc., 231 N. C. 551, 58 S. E. 2d 118; 2 Merrill on Notice, § 1084, p. 731.

The judgment is correct and it is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.