LEONARD R. BOYD, DOING BUSINESS AS SOUTHWEST PLUMBING AND HEATING COMPANY, APPELLANT, v. BENKELMAN PUBLIC HOUSING AUTHORITY ET AL., APPELLEES.

195 N. W. 2d 230

Filed March 3, 1972. No. 38029.

Sarah Jane Cunningham, for appellant.

Leon Hines, Herbert E. Story, and Thomas F. Colfer, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action brought by a subcontractor to recover, for work and materials furnished on a construction proj-

ect, from the surety on the performance bond of the defaulting principal contractor and from the owner of the project. The district court found for the defendants and we affirm the judgment so entered.

The Benkelman Public Housing Authority entered into a contract with the Joe Dougherty Construction Company for the construction of a housing project. United Bonding Insurance Company became surety on Dougherty's bond as required by section 52-118, R. R. S. 1943. Plaintiff subcontracted the plumbing, heating, air conditioning, and outside utilities portion of the project from Dougherty. On default by Dougherty, United, as surety, undertook to complete the project. It was completed and accepted by the Housing Authority on July 26, 1966. There appears to have been some dispute between United and the Housing Authority as to the sums remaining due from the Housing Authority. A meeting was held between them on September 22, 1966, at which time United offered a compromise settlement calling for a further payment of $4,000 by the Housing Authority in final settlement of all its obligations. On October 4, 1966, the board of commissioners of the Housing Authority approved the settlement in the following language: "* * * BE IT RESOLVED * * * that the compromise settlement presented to this meeting between this Housing Authority and the United Bonding Insurance Company be, and the same hereby is, accepted, and the Executive Director, * * * is herewith authorized and directed to execute the compromise settlement and return it with the payment of the amount set forth therein to the offeror." The settlement agreement was reduced to writing and executed on November 4, 1966, and the $4,000 payment made on November 9, 1966. The settlement agreement provides that it shall not be construed as releasing "United from its obligation to secure payment to persons furnishing material or labor on said project in accordance with the terms of the performance and payment bond executed by United with reference

thereto." Plaintiff seeks to recover for work and materials furnished.

Two questions are presented. First, does plaintiff have a cause of action against the Housing Authority? Second, is the statute of limitation, section 52-118.02, R. R. S. 1943, a bar to plaintiff's action against United?

It seems clear that plaintiff has no right of recovery from the Housing Authority. His contract was with the principal contractor, Dougherty, and not with the Housing Authority. "In the absence of an otherwise binding agreement, express or implied, there is no privity of contract between a subcontractor and the owner." Gatchell v. Henderson, 156 Neb. 1, 54 N. W. 2d 227. See, also, Rosebud Lumber & Coal Co. v. Holms, 155 Neb. 459, 52 N. W. 2d 313.

At the September 22, 1966, meeting, United offered to the Housing Authority certain terms for a final settlement of their respective liabilities under the housing project contract. This offer, as embodied in exhibit 24, was accepted by the Housing Authority on October 4, 1966, and the action recorded in the minutes of the meeting of the officers of the Housing Authority. There was at this time a final settlement entered into notwithstanding the agreement was later reduced to writing. "Mutual manifestations of assent that are in themselves sufficient to make a contract will not be prevented from so operating by the mere fact that the parties also manifest an intention to prepare and adopt a written memorial thereof; * * *." Restatement, Contracts, § 26, p. 33. See, also, Annotation, 122 A. L. R. 1217; Reynolds & Maginn v. Omaha General Iron Works, 105 Neb. 361, 180 N. W. 584.

In Westinghouse Electric Supply Co. v. Brookley, 176 Neb. 807, 127 N. W. 2d 465, this court held: " 'Final settlement is not synonymous with final payment. It precedes payment and denotes the proper administrative determination with respect to the amount due.' " The record in the present case does not reflect that "a proper

administrative determination" was made by Dougherty or United which was later accepted by the Housing Authority. Rather, it indicates that a difference of opinion existed which was compromised by means of the settlement agreement. Of necessity, the "final settlement" must be considered to have occurred either on September 22, 1966, or as of the date the settlement agreement was entered into. Plaintiff not having instituted suit until October 27, 1967, more than 1 year after October 4, 1966, it would appear that the action is barred by the limitation set up in section 52-118.02, R. R. S. 1943.

It is true that the record reflects the following facts. Under the settlement agreement United was required to set up a trust fund for the payment of subcontractors and creditors of Dougherty. It is stipulated that plaintiff was such a subcontractor and that there is due him the sum of $5,682.76. United paid to Herbert E. Story, as trustee, the sum of $10,000 for this purpose. Story was, at all times material to this action, acting as attorney for United. On May 18, 1966, he had written to plaintiff assuring him that United was responsible for the payment of all labor and material bills and that funds were to be deposited in trust to pay the claims. Story was aware of plaintiff's claim. The unexpended trust funds inured to the benefit of United which authorized Story to apply the funds on attorney's fees due Story from United. The settlement agreement clearly contemplated payment by United of the outstanding claims against Dougherty. Failure to pay the sum concededly due plaintiff may be a breach of the settlement agreement in regard to which plaintiff was a third party beneficiary. This cannot alter the situation. The pleadings are limited exclusively to the question of liability on the original bond and that liability has been barred by the 1-year statute of limitation. No facts tolling the operation of the statute have been alleged.

The judgment of the district court is affirmed.

AFFIRMED.

BOSLAUGH and SPENCER, JJ., dissenting.

Under the facts in this case it is doubtful whether the informal understanding reached at the meeting of the representatives of the parties in Omaha on September 22, 1966, should be considered to be a "final settlement of the principal contract" within the meaning of section 52-118.02, R. R. S. 1943. However, it is unnecessary to decide that question because of the relationship between the plaintiff and United Bonding Insurance Company after the default of Dougherty.

The bonding company concedes that it completed the project under an assignment of the contract from Dougherty. Since it assumed the role of the principal contractor, its liability was not limited to the bond under the facts in this case.

In Southern Surety Co. v. Weaver Bros. (Tex. Civ. App., 1931), 35 S. W. 2d 255, affirmed 56 S. W. 2d 634 (1933), a surety under the terms of its performance bond took over and completed a contract for the construction of a church when the contractor defaulted. The bond provided, in language similar to the case at bar, that the completing surety had an assignment to the rights of the contractor. The Texas court held that when the surety company took over the contract under the assignment, it assumed all of the responsibilities of the contract and was liable to a materialman for material provided to the contractor before default even though the materialman did not file a mechanic's lien within the statutory time.

McCOWN, J., joins in this dissent.