MARGARET BARNES, APPELLANT, v. FRED HAMPTON
ET AL., APPELLEES, REVIVED IN THE NAME OF
WINIFRED JEANNE HAMPTON, EXECUTRIX OF THE ESTATE
OF FRED HAMPTON, DECEASED.

252 N. W. 2d 138

Filed March 30, 1977.   No. 40925.

Michael O. Johanns of Peterson, Bowman, Coffman & Larsen, for appellant.

Stewart & Stewart, for appellee Hampton.

Vance Leininger, for appellee McMeekin.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

In 1968 the Nebraska Construction Company of Elwood, Nebraska, entered into a contract to construct certain improvements for Sanitary and Improvement District No. 1 of Stanton County, Nebras-

ka. General Insurance Company of Nebraska was the surety on the performance bond furnished by the construction company.

The construction company subcontracted a part of the work, water mains and services, to the defendant, Fred Hampton. After the work was completed the improvement district sued the construction company and its surety for defective work performed by Hampton. That action was settled by payment of $12,750 to the improvement district.

This action was commenced on March 25, 1974, by the construction company and its surety to recover the amount paid to the improvement district and the cost of defending the action brought by the improvement district. The plaintiff, Margaret Barnes, is the assignee of the construction company and its surety and was substituted as plaintiff.

The defendant Hampton moved to dismiss on the ground the construction company had been dissolved on August 3, 1971, and the action was not brought within the 2-year limitation period provided in section 21-20,104, R. R. S. 1943. The plaintiff then moved to strike the motion to dismiss on the ground the issue could not be raised by motion but had to be raised by answer. The trial court sustained the motion to dismiss, overruled the motion to strike, and dismissed the action. The plaintiff has appealed. There is no issue concerning the dismissal of the action as to James A. McMeekin, a second defendant.

The plaintiff contends section 21-20,104, R. R. S. 1943, was not applicable to the surety because the surety was subrogated to the claim of the improvement district and was an entity separate from the construction company which was dissolved.

Upon payment of the obligation of the principal, a surety is subrogated to the rights of the creditor against the principal. Sheridan v. Dudden Implement, Inc., 174 Neb. 578, 119 N. W. 2d 64. If the

surety participated in the settlement of the action against the construction company, the surety was subrogated to the rights of the improvement district against the construction company. The improvement district had no right of action against Hampton because Hampton was a subcontractor and there was no privity of contract between the improvement district and Hampton. See Boyd v. Benkelman Public Housing Authority, 188 Neb. 69, 195 N. W. 2d 230. The surety obtained no rights against Hampton by subrogation from the improvement district.

Any right that the surety might assert against Hampton would be derived from the construction company and would be subject to any defense, including section 21-20,104, R. R. S. 1943, that Hampton would have against the construction company. See, 73 Am. Jur. 2d, Subrogation, § 106, p. 665; American Surety Co. v. School District, 117 Neb. 6, 219 N. W. 583. Since the plaintiff was the assignee of the construction company and the surety, all her rights were subject to the defenses Hampton had against the construction company and the surety.

The judgment of the District Court was correct and it is affirmed.

AFFIRMED.