A. ANN SCOTT, APPELLANT, V. ARTHUR R. LANGVARDT, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF WADE H. SCOTT, JR., DECEASED, ET AL., APPELLEES.
IN RE ESTATE OF WADE H. SCOTT, JR., DECEASED.
A. ANN SCOTT, APPELLANT, V. ARTHUR R. LANGVARDT, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF WADE H. SCOTT, JR., DECEASED, APPELLEE.

331 N.W.2d 799

Filed April 1, 1983.   No. 81-847.

Joseph Ginsburg of Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon, for appellant.

No appearance for appellee.

BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired.

WHITE, J.

This is an appeal by appellant, A. Ann Scott, the wife of Wade H. Scott, Jr., deceased, from an order of the District Court for Lancaster County, Nebraska, in the above consolidated cases, dismissing the claim against her husband's estate.   We reverse with directions.

At the time of his death in October 1974 the deceased had a $30,000 retirement policy with Lincoln Mutual Life Insurance Company, of which Mrs. Scott was the beneficiary.

On May 28, 1974, the decedent purchased a liquor store from Lois Pasco and R. R. L. Enterprises, Inc. The price of the store was approximately $58,000

and was paid with one note of $28,450 signed by the decedent and A. Ann Scott, an additional note of $5,472 which was secured by second mortgages on property owned jointly by Ann and Wade Scott, and the balance in cash. The indebtedness to Lois Pasco and R. R. L. Enterprises was further secured by a perfected security agreement and financing statement.

After her husband's death Ann Scott continued to operate the liquor store upon the mistaken belief that she was now the owner. She paid off the store purchase debt to Lois Pasco with $27,707.85 of the retirement policy insurance proceeds and the remaining balance of $8,266.41 from the proceeds of a personal loan. Ann Scott brought this action to be subrogated to the lien Lois Pasco and R. R. L. Enterprises held on the liquor store.

The doctrine of subrogation includes every instance in which one person pays a debt for which another is primarily liable and which in equity and good conscience should have been discharged by the latter, so long as the payment was made under compulsion or for the protection of some interest of the one making the payment and in discharge of an existing liability. *Sheridan v. Dudden Implement, Inc.,* 174 Neb. 578, 119 N.W.2d 64 (1962).

" ' "The doctrine of subrogation is not administered by courts of equity as a legal right, but the principle is applied to subserve the ends of justice and to do equity in the particular case under consideration. It does not rest on contract, and no general rule can be laid down which will afford a test in all cases for its application. Whether the doctrine is applicable to any particular case depends upon the peculiar facts and circumstances of such case." '

. . . .

"Subrogation may be had where certain facts exist, or do not exist, which justify an equity court doing justice in the premises. However, presence or absence of comparable certain facts in other cases

does not necessarily become a criterion which requires granting or denial of subrogation. The essential element is that facts exist which require subrogation that justice be done." *Rapp v. Rapp,* 173 Neb. 136, 144-45, 112 N.W.2d 777, 782 (1962).

Under the circumstances as presented, we find that Ann Scott is entitled to be subrogated to the rights of Lois Pasco and R. R. L. Enterprises. She did not make any payments as a volunteer; rather, she paid in good faith as one with an obligation or liability on the debt and an interest in property affected by the debt. Ann was liable as a cosigner on the $28,450 note, and the $5,472 note was secured by a second mortgage on property in which she had an interest. The funds that were used to pay these debts were procured through Ann Scott from her insurance proceeds or the incurrence of additional personal liability in the form of a bank loan. The estate therefore would be unjustly enriched if it were able to keep Ann's money and pay it out for the benefit of creditors of the deceased.

In a case very similar to the instant case the debt of an insured was paid from the proceeds of his life insurance policy by his two sister-beneficiaries. In holding that the beneficiaries of the policy were subrogated to the creditor's claim against the estate of the insured, the court in *In re Stafford's Estate,* 278 A.D. 612, 101 N.Y.S.2d 904, 906 (1951), stated: "The Surrogate determined that the debt due to the bank was a primary obligation of the decedent and consequently became a debt against his estate. He held that the respondents have valid claims against the estate for the difference between what they received from the insurance company and the amount of decedent's debt. The relationship between the decedent and the bank was that of debtor and creditor and when decedent's note was paid from the policies involved, respondents became subrogated to the rights of the bank."

The fact that the liquor license and title to the

property were in the name of the deceased was competent evidence on which the District Court correctly held the Pasco debt to be a primary obligation against the decedent's estate. However, the District Court did not go further and hold that in equity and good conscience the debt should have been paid by the estate.

We therefore find that Ann Scott has been subrogated to the rights of Lois Pasco and R. R. L. Enterprises to the extent of $35,974.26, which was applied in payment of the decedent's notes which were a primary obligation of the decedent. The claim of Ann Scott is allowed against decedent's estate, with interest and costs.

Reversed and remanded for a decree to be issued in accordance with this opinion.

REVERSED AND REMANDED
WITH DIRECTIONS.