## TAYLOR *v.* R. D. SCOTT & CO.

1. STATUTE OF FRAUDS — CONTRACT TO SELL LAND — CORPORATE ACTION.

 A written proposal to purchase real estate addressed to defendant corporation and to certain individuals as trustees of an estate, such persons constituting the board of directors of the corporation, upon which a majority of the individuals addressed indorsed their acceptance as trustees, there having never been any formal action taken by the board of directors, is not a contract in writing, binding on defendant corporation, and answering the requirements of the statute of frauds, though the trustees, by bill in chancery, to which neither plaintiff nor defendant corporation were made parties, obtained authority to sell as proposed.

2. CORPORATIONS—SALE OF PROPERTY—VALIDITY.

 Either corporate action formally taken, or the assent of all parties in interest, is essential to make a valid contract for the sale and disposition of real estate.

Error to Oakland; Smith, J. Submitted June 21, 1907. (Docket No. 91.) Decided September 20, 1907.

Assumpsit by Charles V. Taylor against the R. D. Scott & Company for breach of contract of sale. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*James H. Lynch* (*John C. Donnelly*, of counsel), for appellant.

*Perry & Stockwell, Patterson & Patterson*, and *Andrew L. Moore*, for appellee.

MONTGOMERY, J. Robert D. Scott died May 11, 1904, testate. At the time of his death he owned 6,499 shares of the 8,000 shares of the capital stock of the defendant corporation, which was capitalized at $80,000, the shares thereof being of the face value of $10 each. The busi-

ness of the corporation was the manufacture and sale of vehicles. By his will he left such stock to William R. Scott, Frederick L. Ward, Frank G. Jacobs, and Everett S. Todd, in trust, to be held and controlled by them for five years. At the end of five years his interest in such corporation must be distributed to certain beneficiaries named in such will, excepting the share bequeathed to one daughter, which then, under the terms of the will, must go to his daughter, Mary D. Ward, in trust. The will was probated and the testamentary trustees accepted such trusts and promptly entered upon their duties as such trustees. The board of directors, consisting of five members, was reorganized, and William R. Scott, Mary D. Ward, Everett S. Todd, Frank G. Jacobs, and Frederick L. Ward were the directors of such corporation at the time the negotiations with the plaintiff were conducted and to the time of the trial of this case in the circuit court.

The business had not proven profitable, owing, it is said, to want of capital, and on the 19th of March the plaintiff made the following proposition in writing:

"Pontiac, Mich., 1906.

"R. D. Scott & Company,
      "E. S. Todd,
      "W. R. Scott,    Trustees of the R. D. Scott
      "F. E. Ward,       Estate.
      "F. G. Jacobs,

"Gentlemen: I hereby submit to you for your consideration and acceptance the following proposition to purchase the plant, machinery, merchandise and business of the R. D. Scott Company.

"I will purchase the real estate known as R. D. Scott & Company's factory, situated on the D., G. H. & M. R. R. tracks in the west portion of the city of Pontiac; also the building used in connection as a warehouse, situated on the ground along by the D., G. H. & M. R. R. together with all the machinery, office fixtures, tools and equipment, and will pay you therefor the sum of $10,000 (ten thousand dollars).

"The real estate referred to above is described as all

that part of Out Lot 21 on the northeast quarter of section 32, lying west of Baum & Terbush's lands, and east by the D., G. H. & M. R. R. right of way.    Also Lot No. 7, subdivision of Out Lots 22 and 23, and part of 13, and the southeast quarter of section 29.

"I will also purchase all the material which you may have on hand on the first day of April, 1906, contained in the above-mentioned factory and used in the manufacture of your present line of work, and pay you for the same eighty per cent. of the market price of said material.

"Any other material not used in the manufacture of the present line as shown in your latest catalogue, you are to remove from the factory by May 1, 1906.

"Any complete jobs which are crated and ready for shipment April 1, 1906, are not to be considered as a part of this material, but are to be shipped and billed by you as your property.    I will, however, allow you to store them in the factory without expense until you are able to ship the same.

"I am enclosing you my individual check for $5,000 (five thousand dollars) to apply on the purchase price when the property is properly deeded and transferred to me.    It is my understanding that it will be necessary to have the sale, if made, approved by the probate court.
               (Signed)          "C. V. TAYLOR."

Below and to the left are the words "Accepted" and under it Frederick L. Ward, trustee; Frank G. Jacobs, trustee; William R. Scott, trustee; E. S. Todd, trustee.    At the same time plaintiff prepared his personal check payable to R. D. Scott & Company on delivery of the plant, the check being for $5,000.

The trustees on the 29th of March filed a bill of complaint, in the circuit court of Oakland county, in chancery, in which bill all the persons who were interested in the R. D. Scott estate, either directly or in a representative capacity, were made parties; but neither the plaintiff nor the defendant corporation were parties.    The bill proceeds upon the theory that the right of the trustees to consent to the proposed sale was doubtful, and that application should be made to the court of chancery for authority and direction in the premises and the prayer of the bill was

that the court should so construe the will as to authorize the trustees to consent that the directors and stockholders of the corporation of R. D. Scott & Company might take the necessary steps and action to make a sale of the property embraced in the proposition above cited.

By the decree of the court the complainants in the case, the trustees, were authorized to consent to the sale by the corporation, R. D. Scott & Company, of the property embraced in the proposition signed by Taylor, and the completing, consummating, and carrying into effect of said sale. The decree was made on March 31st. On the evening of the day the decree was granted a waiver of notice of stockholders' meeting and resolution to be passed by them and by the board of directors was prepared.

Immediately after the court announced the decree and before it was formally entered, Mr. F. G. Jacobs, with whom negotiations had been conducted by Mr. Taylor, called up Mr. Taylor by telephone and informed him that the court had granted authority to sell and that he could go ahead at once with the inventory. Taking the inventory, however, was delayed for the convenience of the defendant until Tuesday when the taking of an inventory was begun by a representative of Mr. Taylor and a representative of the defendant company; but before the inventory was completed, or any further steps taken, and on the morning of the 4th of April, the buildings were entirely destroyed by fire. Mr. Jacobs, who was the custodian of the check accompanying the proposition, tendered it back to plaintiff. All negotiations ceased, and this case is brought upon the theory of a completed contract to recover damages for the breach thereof.

It should be further stated that at no time was a formal meeting of the board of directors of the defendant corporation or of the stockholders called for the purpose of authorizing a sale of the corporate property. Those who constituted a majority of the directors of the corporation were also trustees under the will of R. D. Scott and signed a tentative acceptance of the proposition as such trustees.

The only time that they were together as a body, and at this meeting Mary D. Ward was not present, was on Sunday, March 18th, and the evidence shows that the signature of Frederick L. Ward was. affixed to the instrument on Sunday. The circuit judge at the conclusion of the testimony directed a verdict for the defendant, and the plaintiff brings error.

We think it cannot be held that there ever was a valid contract in writing, binding upon the defendant corporation, and answering the requirements of the statute of frauds. The proposition itself was addressed to R. D. Scott & Company, and also to E. S. Todd, W. R. Scott, F. E. Ward, and F. G. Jacobs, as trustees of the R. D. Scott estate. The only acceptance in writing was a purported acceptance by these trustees. There is nothing in the writing to indicate that in accepting the proposition as trustees of the R. D. Scott estate these parties were assuming to act as directors of R. D. Scott & Company.

The acceptance as given was subject to the approval of the probate court. But assuming that the chancery court was treated by both parties as a substitute for the probate court, that court was appealed to by the trustees of the estate as such. One of the directors was in the Philippines, and one of the resident trustees signed this tentative agreement on Sunday. We have a case, then, in which no corporate action was formally taken. We have no written contract purporting to have been made on behalf of the corporation, nor do we have in writing in any form the assent of all interested parties.

If the rule of law be as contended for by plaintiff, viz., that the absence from the country of a member of the board of directors making service impracticable renders effort to make such service unnecessary, yet action by the other members of the board having notice, as members of the board, is in such case essential, and this we have not in the present case. Either corporate action formally taken, or the assent of all parties in interest, is

149 MICH.—34.

essential to make a valid contract for the sale and disposition of real estate. *Lockwood* v. *Boom Co.*, 42 Mich. 536; *Peek* v. *Novelty Works*, 29 Mich. 313; *Doyle* v. *Mizner*, 42 Mich. 332; *Broughton* v. *Jones*, 120 Mich. 462.

If it be assumed that the board of directors possess the power to close out the entire business of the corporation without a vote of the stockholders formally called or the assent of all the stockholders—as to which see 3 Thompson on Corporations, § 3983—it is not too much to require that the formalities requisite to the making of a valid contract shall in such case be strictly observed.

The circuit judge reached the correct conclusion, and the judgment will be affirmed.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.