JERRY L. CARTER, Respondent, v. WESTERN TIE
and TIMBER COMPANY, Appellant.

**Springfield Court of Appeals, November 23, 1914.**

1. **STATUTE OF FRAUDS: Sale of Goods: Timbers and Railroad Ties.** A contract for the sale of certain timber and railroad ties to be delivered at a place designated was within the Statute of Frauds covering the sale of goods. (Section 2784, R. S. 1909.)

2. ————: **Contracts Required to be in Writing: All Essential Parts to be Thus Evidenced.** A contract which the Statute of Frauds requires to be in writing must as to all its essential terms be evidenced by such writing and no essential part may be supplied by oral evidence.

3. ————: **Memorandum: Essential Elements.** A writing to be sufficient to evidence a contract within the Statute of Frauds must state the parties, the subject-matter and the consideration or price. An omission of either in the writing renders the contract unenforceable.

4. ————: **Memorandum: Sufficiency.** The memorandum required by the Statute of Frauds need not be an explicit and complete contract.

5. ————: ————: **Writing: Purpose.** The memorandum required to be in writing by the Statute of Frauds is sufficient when the terms and subject-matter of the contract are made certain thereby when the circumstances are shown.

6. **CONTRACTS: Of Sales: Offer and Acceptance: What is Acceptance.** A written memorandum, which was in effect an order for certain timbers of kind and dimension mentioned, even if regarded only as an offer to receive and pay for the timber, was accepted by a performance under the offer before it was withdrawn, no formal acceptance being required nor limitation of time fixed.

7. ————: **Offer and Acceptance: Performance.** Where under an offer the offeree was required to do something rather than promise something, the doing the thing required constituted an acceptance.

8. **STATUTE OF FRAUDS: Writing: Oral Acceptance.** The acceptance of the conditions of a contract covered by the Statute

of Frauds may be oral and the proof of such acceptance may be oral.

9. **SALES: Timber: What Constitutes Delivery: When Prevented.** In a suit on a contract for the sale of certain timbers, evidence reviewed and the seller of the timber *held* not to have retained such control of same as prevented complete delivery and defeated a recovery of the price by objecting to the buyer rejecting part of the timber and refusing to acquiesce in its inspection.

10. **APPEAL AND ERROR: Theory of Trial: Cannot Shift.** A party is bound on appeal by the theory adopted at the trial of the case.

Appeal from Wright County Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*N. J. Craig, A. J. Stack, Frank H. Sullivan* for appellant.

(1) The contract declared on is within the Statute of Frauds. R. S. 1909, sec. 2784. (2) Parol evidence cannot be received to prove such a contract, as all its terms must be proven by written evidence. Moore v. Mountcastle, 61 Mo. 425; Cash v. Clark, 61 Mo. App. 640; Leesley v. Fruit Co., 162 Mo. App. 202; Smith v. Schell, 82 Mo. 218; Reigart v. Coke Co., 217 Mo. 154; Darnell v. Lafferty, 113 Mo. App. 288. (3) There was no such delivery and acceptance as would satisfy the statute. Sotham v. Weber, 116 Mo. App. 108; Cunningham v. Ashbrook, 20 Mo. 559. (4) When the contract is denied, the Statute of Frauds may be invoked by objection to oral testimony. Leesley v. Fruit Co., 162 Mo. App. 201, and cases cited. (5) Where there is no acceptance by the vendee, the vendor can only recover the purchase price by treating the property as belonging to and under the sole dominion of the vendee. Oehler v. Fruit Co., 162 Mo. App. 455; Milling Co. v. Burgher, 122 Mo. App. 20.

*Curtis & Evans* for respondent.

(1) The written order sent by appellant to respondent is a sufficient memorandum to comply with the requirements of the Statute of Frauds. Said order identifies the parties; is signed by the duly authorized agent of the party to be charged; states the consideration; gives sufficient specifications for sawing of the lumber and leaves to the discretion of the respondent the amount to be delivered. Lash v. Parlin, 78 Mo. 391; Black & Snider v. Crowther & Andiano, 74 Mo. App. 480; Peycke v. Ahrens, 98 Mo. App. 456; Leesley Bros. v. Fruit Co., 162 Mo. App. 195. (2) Memorandum giving respondent the privilege of delivering amount of timber he wished is sufficient under the statute. 20 Cyc. 270; Burgess Sulphite Fiber Co. v. Bloomfield, 180 Mass. 283; American Iron Mfg. Co. v. Midland Steel Co., 101 Fid. 200. (3) Oral testimony cannot be received to prove a contract within the statute or supply a deficiency in same, but may be admitted to show the circumstances under which the contract was made. 20 Cyc. 318; Union National Bank v. Leary, 77 N. Y. App. 332; North Platte Milling Co. v. Price, 4 Wyo. 293; Leesley Bros. v. Fruit Co., 162 Mo. App. 202. (4) Respondent had the right to demand that appellant accept the timber furnished in accordance with the contract and when appellant declined to accept same, respondent could treat the timber as belonging to appellant, hold it after tender, subject to the latter's order, and recover the full agreed price. Oehler v. Fruit Company, 162 Mo. App. 455 and cases cited.

STURGIS, J.—Plaintiff sues to recover $117.50 as damages for defendant's refusal to take and pay for certain timber which plaintiff manufactured and delivered at the place designated by defendant for that purpose. The timber was sawed and delivered at the

railroad switch at Mt. Grove, Missouri, under the following written memoranda of the contract entered into by these parties: "Horace Paul, Inspector. Mansfield, Mo. Railway Ties, Piling, Car and Track Oak. Western Tie & Timber Company, 905 Syndicate Trust Bldg., St. Louis. Mansfield, Mo., Feb. 13, 1913. Mr. Jerry L. Carter, R. D. No. 8, Mountain Grove, Mo. Dear Sir:— Following is the orders for white and red oak car stock, which I can pay you $16.50 for W. O. and $13.50 for R. O. less two per cent discount for cash. Must be square edged and sound, and sawn full, this saw full means that saw cut must not be taken out. White oak: 5½x8½x11'. 5½x7½x11'. 4½x8½x16'. 4x4x16'. 5½x9½x12'. Red oak: 5½x5½x12'. 5½x6½x16'. 6½x6½x10'. 3½x6½x9'. You will note I fill in no number of above pcs. You will please fill in as you like. Would like to have a number of the first two sizes in white oak *first car you get out.* Please rush all you possibly can. Pile white and red oak separate if you haul at same time. You will pile on same track as you did switch ties only put within ten feet of track. Yours truly, H. Paul."

No question is raised as to the authority of H. Paul to make the above contract. The evidence introduced at the trial clearly shows, and it is conceded here, that acting under this contract the plaintiff caused to be sawed and delivered at the place specified in the written order five thousand feet of red oak car material and three thousand and thirty feet of white oak car material.

No serious contention is made that the car material was not of the dimensions specified in the order and "square edged and sawn full." The real controversy between the parties arose as to whether the timber so furnished and delivered was "sound." This is the point on which both parties introduced evidence at the trial, the plaintiff's evidence tending to show that all of the material delivered was good, sound tim-

ber with the exception of three or four pieces, which had wormholes therein and which plaintiff agreed might be rejected, and the defendant's evidence tending to show that much of the timber was worm-eaten, rotten in places and not fit for car material. This phase of the case was submitted to the jury on an instruction not criticised and on which the jury found that the timber in question was "square edged and sawn full and sound," and this finding is properly accepted as final by both parties. The finding and judgment is for the plaintiff for the amount sued for.

It further appears that it was understood between the parties that the timber would be inspected at or before the time it was loaded on the cars and by agreement the parties met there for that purpose. When the inspector, acting for defendant, began rejecting a large part of the timber plaintiff refused to acquiesce in such inspection and rejection, his refusal amounting to no more, however, than a refusal to consent to a part of the timber, less than half, being taken and paid for as good sound timber and the rest of it being rejected as worthless. The result was that the timber was not loaded on the cars but was left at the switch to await the result of another inspection by another inspector which the defendant agreed to have there in a reasonable time. Later the plaintiff requested that the timber be inspected, taken and paid for, the defendant again promised to send another inspector but delayed doing so until this suit was brought. The contract is dated February 13, 1913, the timber in question was delivered at the railroad during the latter part of that month, the attempted inspection and disagreement as to the quality of the timber occurred about March 1st, and this suit was filed July 18, 1913.

The errors complained of are that the court erred (1) in admitting evidence so as to make the contract a complete one, thereby removing the barrier of the Stat-

ute of Frauds; and (2) in refusing a demurrer to the evidence.

We readily agree with defendant that the contract is within the Statute of Frauds and can be allowed to be good only under the conditions prescribed by section 2784, Revised Statutes 1909, one of which is that there be a memorandum in writing of the bargain signed by the party to be charged with the contract. By the terms of the statute such memorandum need not be signed by both parties but only by the one sought to be charged—in this case. by the defendant. It is correctly contended that all the essential terms of the contract must be evidenced by the writing and that it is not permissible to supply an essential part by oral evidence. [Moore v. Mountcastle, 61 Mo. 424, 425; Leesley Bros. v. Fruit Co., 162 Mo. App. 195, 202, 144 S. W. 138; Reigart v. Coal & Coke Co., 217 Mo. 142, 154, 117 S. W. 61.]

In determining the sufficiency of a writing to evidence a contract within the Statute of Frauds there are three essential and necessary ingredients: (1) the parties, (2) the subject-matter, and (3) the consideration or price. Where the writing lacks any of these essential elements there is no enforceable contract. [Peycke Bros. v. Ahrens, 98 Mo. App. 456, 460, 72 S. W. 151; Kelly v. Thuey, 143 Mo. 422, 45 S. W. 300.] Judged by this test, however, we think the written memorandum now in question is sufficient to sustain this action. The specific objection made to the sufficiency of the writing herein involved is that it is deficient as to the subject-matter of the contract in that it does not fix any definite amount of timber or car stock to be sold by the plaintiff to defendant. The memorandum however clearly provides for at least one carload and the lumber now in question is the first and only timber furnished thereunder. The expression "you will please fill in as you like" evidently refers to the amounts of any particular dimension and the

further expression "would like to have a number of the first two sizes·in white oak first car you get out" plainly provides for at least one carload.

It is familiar law that the memorandum required to be in writing need not be an explicit, definite and complete contract. The word memorandum implies that much. It is always permissible to show the surroundings and circumstances of the contract and it is sufficient, as against the Statute of Frauds, that, after the court is put in the same position as the parties themselves, the terms and subject-matter of the contract are made certain. [Lash v. Parlin, 78 Mo. 391, 395; Leesley Bros. v. Fruit Co., 162 Mo. App. 195, 203, 144 S. W. 138.]

This case is quite different from that of Campbell v. Handle Co., 117 Mo. App. 19, 94 S. W. 815. In that case the contract specified no amount of timber to be cut and delivered while here it plainly provides for at least one carload, the amount now in dispute, and in that case the defendant had received and paid for a large amount of timber, in fact all that was cut and supplied under the contract, and then notified, the plaintiff that it would not receive any more and not to cut or deliver any more. That suit was for damages for refusal to permit plaintiff to cut and supply timber in the future and not for refusal to receive and pay for that already cut and delivered. What is there said as to the contract being void for uncertainty as to the amount to be cut and delivered thereunder is confined to the contract so far as it is executory only.

Even if we regard the written memorandum in evidence only as an offer to receive and pay for timber of the kind and dimensions specified and at the prices mentioned, yet, as it does not contain any limitation as to time or quantity, a performance under such offer before it is withdrawn constitutes an acceptance of the

same. [Allen v. Chouteau, 102 Mo. 309, 14 S. W. 869.]
The acceptance of a contract covered by the Statute
of Frauds may be oral and the proof of such accept-
ance may be oral. [Black & Snyder v. Crowther & An-
driano, 74 Mo. App. 480.]

Nor was this such an offer to buy timber from
plaintiff as required any formal acceptance. This is
a case where the offeree was required to do something
rather than promise something and the doing the thing
required is a sufficient acceptance. [Leesley Bros. v.
Fruit Co., 162 Mo. App. 195, 208, 144 S. W. 138.]

It is also claimed that no sufficient delivery of the
lumber in question is shown to take the contract out
of the Statute of Frauds. Although, as we have seen,
the memorandum is sufficient in itself to cover at least
one carload of timber and does not need a delivery of
the same to remove that barrier, yet, we think a suffi-
cient delivery was shown. Defendant contends that
because plaintiff objected to the inspector rejecting
a considerable part of the timber and refused to let
defendant select and take only a part of the timber,
he thereby retained such ownership and dominion over
it as to negative a complete delivery. It is true that
plaintiff could not retain dominion and control over
this timber and sue for the purchase price on the
theory of a sale, which implies a loss of dominion and
control by reason of the title and ownership passing
to defendant. [Sotham v. Weber, 116 Mo. App. 104,
108, 92 S. W. 181; Cunningham v. Ashbrook, 20 Mo.
559.] We think, however, that this argument is based
on a misconception of what plaintiff really did and
said with reference to defendant's taking and controll-
ing this lumber. The plaintiff at no time denied de-
fendant's right to take and do as it pleased with this
lumber, provided it would pay for same. When de-
fendant's inspector was having the lumber loaded and
was rejecting as worthless a large part of it, had the

plaintiff acquiesced and consented thereto he would have been bound thereby and could have demanded pay for only such part of the lumber as was taken for good sound timber. He had a perfect right to object to the rejection of half of the timber as unsound and a consequent payment for only such part as the inspector said was sound. This was all the plaintiff did. He recognized defendant's right to take the timber and was insisting that he accept all of it, save possibly a few worm-eaten pieces, and would not consent to take back and release defendant from paying for a considerable part of this timber. The timber was all left there, ready to be loaded and taken by defendant whenever it chose to do so and it promised to send another inspector there which it failed to do. In fact, the defendant then, as at the trial, was refusing to pay for this timber except on condition that it be allowed to reject half of it as worthless and pay only for the balance. The plaintiff never took this timber back as his own, as was true of certain flour in Milling Co. v. Burgher, 122 Mo. App. 14, 20, 97 S. W. 950.

Nor is there any merit in defendant's contention that as plaintiff sues on the theory that defendant agreed to buy a carload and plaintiff agreed to furnish that much, plaintiff must prove that he did in fact furnish a carload. The proof is that plaintiff furnished eight thousand and thirty feet of timber. No objection was made by defendant, either during the course of the transaction or at the trial, that this did not constitute a full carload. The defendant treated the eight thousand and thirty feet as sufficient, or at least satisfactory, for a carload and sent its inspector and a car there to have it loaded and taken away. No objection was made at any time as to the quantity. Having confined its objections during the course of the transaction and at the trial to the quality of the

timber furnished by plaintiff, we decline to allow a shifting now to the quantity.

The judgment will therefore be affirmed. *Robertson, P. J.,* concurs. *Farrington, J.,* concurs.