No. 842

MEIER GRAPE JUICE CO. v. KOEHNE et.

Ohio Appeals, 6th Dist., Erie Co.

No. 222. Decided Sept. 25, 1925

297. CONTRACTS—Test as to whether there was mutuality of obligation existing between parties is whether or not an action in damages could be maintained if contract was repudiated by either of them.

1101. SPECIFIC PERFORMANCE—Contracts which lack mutuality may not be specifically enforced as long as they are executory on both sides; when plaintiff has fully executed her obligations she may be entitled to specific performance.

WILLIAMS, J.

Mayme Koehne, et al. brought an action in the Erie Common Pleas against the John C. Meier Grape Juice Co., for specific performance of a contract for the sale of certain land together with a dwelling house and wine cellar, the agreed price being $7,000. Judgment was rendered in favor of Koehne.

In March, 1924, the Company executed what purported to be an option for the purchase of the land in question for $7,000. The other parties were Mayme Koehne, widow of John Schaedler, his living children and two grandchildren, the last named being minors. The

property in question was devised to the children and grandchildren who held as tenants in common. Under the will, the real estate was devised to the wife during her natural life or as long as she remained a widow. Having remarried, all she had at the time the option was executed was a dower interest.

Soon after the Company entered into possession and assumed control of the property. It leased the dwelling house to a third party and cultivated the grape vines on the land. In June 1924, the Company undertook to repudiate and avoid the contract of sale by reason of alleged misrepresentations to the effect that the casks for use in its business were in good condition. Koehne refused to accept such repudiation and the probate court authorized execution of a deed for the minor's share of the property and proper tender of all deeds to the property was made to the company.

Error was prosecuted from the judgment of the Common Pleas and the Company contended that specific performance of the contract can not be decreed for the reason that it lacks mutuality, because neither the children nor the grandchildren entered into the contract and they were therefore not bound. The Court of Appeals held:

1. There is no question that there was part performance of the contract by reason of the fact that possession was delivered to the Company and it retained possession and controlled the property for a considerable length of time thereafter under the contract of purchase.

2. While it may possibly be true that the Company could not maintain an action against some of those who had an interest in the real estate, yet it did have such a contract with Mayme Koehne as could be made the basis of an action for damages against her, had she repudiated it. There was, therefore, mutuality of obligation.

3. The incapacity of one of the vendors is no defense to an action for specific performance brought by the vendors where they are able, ready and willing to convey complete title of property to vendee. Richards v. Doyle, 36 OS. 37.

4. A distinction should be made between executed and executory contracts. Where a contract is fully executed on part of the vendors, lack of mutuality will not ordinarily be a defense to an action brought by the vendors to specifically perform the contract.

5. "The necessity of mutuality is one which applies primarily to executory contracts, and

not to contracts in which the provisions which could not be enforced specifically have been fully performed."

6. Proper deeds having been tendered to the Company by Koehne et al. the contract on their part was fully executed.

7. The attempted repudiation by the company on the ground of alleged fraudulent representations was of no effect for the reason that the court below held that the contract was not vitiated for that reason. It was never sought to repudiate it for the reason that some of the owners of the land were not bound.

Judgment decreeing specific performance in Koehne's favor affirmed.

Attorneys—John F. McCrystal, Sandusky, Bettinger, Schmitt & Kreis, Cincinnati for Company; H. L. Peeke, Sandusky, for Koehne.