**SININGER v THURNER et**

Ohio Appeals, 1st Dist.,
Hamilton Co.

No. 6081. Decided June 15, 1942.

Leis & Hamilton, Cincinnati, for appellant.

William R. Collins, Cincinnati, for appellee.

GUERNSEY, J. of the Third Appellate District, sitting by designation in the First Appellate District.

## OPINION

BY THE COURT:

The plaintiff filed this action in the common pleas court, praying for the cancellation of a contract, to exchange real estate, on the ground of fraud. The defendant denied the fraud and filed a cross-petition praying for specific performance.

On the trial de novo of this appeal on questions of law and fact in this court, two issues were developed by the evidence.

(1) Evidence was offered of the statements of one Huck in support of the allegation of fraud. A consideration of this evidence discloses that there is no evidence of any substantial misrepresentation and no evidence that Huck was the agent of the defendant for this purpose.

Furthermore, in the written contract there is a recital that the parties had made their personal investigation of the properties "as to location, value and earnings", and made the exchange on the basis of their own investigations, and not on the representations of the agents representing the parties to this contract.

We hold that the plaintiff failed to sustain the burden ▮▮▮▮▮▮ ▮ and is not entitled to a cancellation of the contract.

(2) The plaintiff urges that regardless of whether fraud was committed, the defendant is not entitled to specific performance because the plaintiff's wife did not agree to release her dower and, therefore, cannot be compelled to do so, and that that fact makes it impossible for him to perform.

In this contract, there is an express provision binding the plaintiff to obtain a release of dower in addition to executing a general warranty deed and to conveying a clear title.

It seems that according to the majority rule, where a vendor contracts to convey a greater estate than he has, he may be compelled to convey what he can with an abatement from the purchase price for the deficiency. Brookings v Cooper, 46 A. L. R. 745. This majority rule has been frequently applied to compel a conveyance subject to dower with an abatement from the purchase price. Idem.

It cannot be said without qualification that the Ohio rule is in accord with the majority or minority although in the Ohio cases the decisions have usually been against specific performance. However, in most of the cases, if not all, there is found a distinguishing fact. In Lucas v Scott, 41 Ohio St 636, the vendor did not agree to convey with release of dower and the circumstances showed that he would have refused to so agree. In Bank v Parisette, 68 Ohio St 450, also, there was no agreement to convey free of dower. This is also

**424**

true of **Barnes v Christy, 102 Oh St 160.**

We do not find an Ohio case in which the vendor expressly agreed to convey free of dower. See discussion of this subject in **37 O. Jur. 69, et seq.**

We do not find it necessary to decide whether the plaintiff could be required to convey subject to dower and accept an abatement from the contract price of the value of the outstanding dower. The defendant has consented in open court to accepting the title without any judicial determination of the value of the dower and an abatement in some way of that amount. The defendant asks the court to decree specific performance by a deed containing covenants of general warranty only as decreed in the common pleas court. As the plaintiff agreed to convey by deed of general warranty in addition to securing release of dower, we see no reason for refusing to specific performance to the extent requested.

A decree similar to the one entered in the common pleas court may be entered in this court and the cause remanded to the common pleas court for execution of the decree.

MATTHEWS, PJ., ROSS, J., & GUERNSEY, J., concur.