**HANNON, Plaintiff, v. ROBINSON, Exr, et al., Defendants.**

Common Pleas Court, Franklin County.

No. 166,789.   Decided December, 1944.

Vorys, Sater, Seymour & Pease, Columbus, for plaintiff.
S. U. Robinson, Columbus, for defendant-executor.
Carlisle O. Dollings, Columbus, for defendant, H. R. Weise.

## OPINION

### MEMORANDUM DECISION

By LEACH, J.

Are the writings relied upon by plaintiff sufficient to constitute a "memorandum" of the contract for the sale of real estate which satisfies the requirements of the Statute of Frauds?

By the terms of §8621 GC, the "memorandum" must be in writing and signed by the party to be charged therewith.

Who is "the party to be charged"?

" * it is well settled in most jurisdictions that the words in question mean 'sought to be charged in the action', and, therefore, that the memorandum need be signed only by the defendant, and must be signed by him without regard to which part of the contract he is to perform."

Williston on Contracts, Sec. 586, citing, among others, **Himrod Furnace Co. v Cleveland, etc Co., 22 Oh St 451.**

"When a memorandum of an oral contract within the statute is signed by only one party to the contract and the statute is not otherwise satisfied, the contract is enforceable against the party who has signed the memorandum but not against the other party."

Restatement of the Law of Contracts, Vol. 1, Sec. 211.

" * * It would seem that 'that party to be charged' is necessarily the one against whom enforcement of the agreement is invoked; and by the great weight of authority the 'party to be charged therewith' is the party against whom it is sought to enforce the contract. * * * A contract, note or memorandum is, accordingly, by the great weight of authority, sufficient if it is signed by the party against whom it is sought to enforce the contract, although it is not signed by the party who is seeking to enforce it. * * * A written contract or memorandum thereof within the statute signed by one party only can not be enforced against the adversary party who did not sign. * *"

Page on Contracts, Vol. II, Section 1325.

Requisites of memorandum to which signature of party sought to be charged is attached:

"The statute of Frauds is not satisfied * * by a writing which recites the receipt of an offer but does not state that it is accepted nor admit the contract sought to be enforced."

27 C. J., Section 316, pp. 266-267.

"The memorandum must show the contract between the parties. It must show an existing and binding contract, a concluded agreement; a meeting of the minds of the parties, as distinguished from mere negotiations or an unaccepted offer. * *"

27 C. J., Section 314, p. 265.

"If a writing relied on as a memorandum tends merely to show pending and unconcluded negotiations between the parties, it is not sufficient."

27 C. J., Section 315, p. 265.

Citing, among other cases, Boest, et al. v. Doran, 4 Ohio Dec. Reprint, 525.

The stipulation of facts shows that an offer signed by plaintiff's attorney was delivered to defendant. The first application presented to the Probate Court by the executor sets up the receipt of that offer, but there is nothing in said writing over the signature of the executor showing an acceptance thereof. True, the entry signed by the Probate Judge authorized and instructed said executor to accept said offer.

The second application presented to the Probate Court

and signed by the executor, again recites the receipt of said offer and the offer of Weise and recites that pursuant to the first application an order was approved by the Probate Court authorizing the executor to accept said bid of the plaintiff, Rose C. Hannon; but there is nothing in writing in said application indicating that pursuant to said purported authorization the said executor had accepted the said offer of Rose C. Hannon; nor is there in any of said writings over the signature of the executor any indication that he at any time accepted said offer.

The proof of acceptance is shown only by parol. See paragraph 7 of the stipulation:

" * * By the great weight of authority, a written offer accepted by parol may constitute a sufficient memorandum of the contract, **provided the person making the offer is the party to be charged,** and the written offer contains all the essential terms of the proposed contract."

27 C. J. Sec. 316, p. 266.
Citing, among others, **Himrod Furnace Co. v. Cleveland, etc., Co., 22 Oh St., 22.**

"That an oral acceptance of a written offer to sell goods is sufficient to satisfy the statute of frauds, **if the person making the** offer is the party to be charged, and the written offer contains all the essential terms of the proposed contract, is supported by the weight of authority. Willis v. Ellis, 98 Miss. 197, 53 South. 498, Ann. Cas. 1913 A 1039, and note; Carter v Western Tie and Timber Co., 184 Mo. App. 523, 170 S. W. 445; Kohn & Baer v I. Ariowitsch Co., 181 App. Div. 415, 168 N. Y. Supp., 909; Smith v Gibson, 25 Neb. 511, 41 N. W. 360." (Emphasis mine.)

From opinion, Reynolds & Maginn v Omaha General Iron Works, 105 Neb. 361, 130 N. W. 585.

" * * Obviously, it is essential to the existence of a contract that there be assent of both parties. The Statute of Frauds presupposes this. But the assent of the party **other than the one** to be charged may be shown by parol. * *"

**19 Ohio Jur. Sec. 81, p. 607.** Citing **Thayer v Luce, 22 Ohio St., 62; George Wiedemann Brewing Co. v Maxwell, 78 Ohio St 54.**

"* * As a general rule, a verbal acceptance by the party sought to be charged of a written offer by the other party is insufficient. * *"

American Jurisprudence, Vol. 49, Sec. 384.

"* * Consistent with the general rule supported by most courts that the requirement of the statute for a signature to the memorandum by the party to be charged calls for a signature by the party **against whom** the contract is sought to be enforced, but not for the party who seeks to enforce it, is the rule supported by the weight of authority that a written offer signed by the party to be charged, if orally accepted by the person to whom it is made, may itself constitute a sufficient memorandum of the contract, binding the person by whom the offer is made, although the other party may successfully plead the statute. * *"

49 American Jurisprudence, Section 389, p. 691.

"It is clear that a vendee who did sign may not, in the absence of part performance taking the case out of the statute of frauds, enforce the contract against the vendor, who did not sign, and this is true whether the Court adheres to the doctrine, sustained by the weight of authority, that the 'party to be charged' is the party sought to be charged in the action or suit, or whether that view has been abrogated in the particular jurisdiction by statutory provisions requiring the contract to be signed by the owner, or, as in Kentucky and Tennessee, by judicial construction of the phrase, 'party to be charged' to mean the vendor or owner. It has been expressly so held in King v Cheatham, 31 Ky. L. Rep. 1176, 104 S. W. 751; Taylor v R. D. Scott & Co., 149 Mich, 525, 113 N. W. 32; Haydock v Stow, 40 N. Y. 363."

Annotation, 28 L. R. A. N. S. p. 701.

In **Thayer v Luce, 22 Oh St, 62,** it was held that:

"An instrument in writing in the usual form of a conveyance, but not delivered as such, may nevertheless be delivered as an executory contract, or as partial evidence, of a contract to sell and convey the lands therein described; and if signed by the vendor, and accepted by the vendee, it is sufficient, in an action thereon, against the vendor, to take the case out of the statute of frauds."

Said the Court in the opinion, page 76:

"* * The statute requires written evidence of the agreement to the extent of charging the defendant. Beyond that, the statute does not indicate the nature of the evidence required. And there is no reason why the rule requiring written evidence should be extended beyond the terms of the statute. It must be observed that the signature of the defendant only is required, and it must be further observed that verbal contracts touching the subject matter are not declared to be void. It follows, therefore, we think, that parol testimony may be admitted for the purpose of showing that the plaintiff agreed to and concurred in the terms of the writing relied upon."

In **Himrod Furnace Co. v. Cleveland, etc., Co., 22 Oh St.,** at page 459 of the opinion, the rule was stated thus:

"A written proposal, containing the names of the contracting parties and all the terms of the proposed agreement, signed by the proponent or by some other person thereunto by him lawfully authorized, when accepted and assented to by the party to whom the same is made, is sufficient to take an action against the proponent, founded thereon, out of the operation of the statute of frauds. And the delivery of such instrument as a proposal, and the acceptance thereof, and assent thereto by the party to whom it is made, may be proved by parol testimony. Chase v Lowell, 7 Gray 22; Tuft v Mining Co., 14 Allen, 407; Ives v Hazard, 4 R. I. 14; Sanborn v Flagler, 9 Allen, 470; Reuss v. Picksley, 1 Ex. 342; Thayer v Luce, et al., 22 Oh St., 62."

Spear, J., in **Brewing Co. v Maxwell, 78 Oh St.,** at page 64, stated the rule:
"Nor does the fact that the acceptance by plaintiff in the present case was verbal destroy its right to enforce the contract against the party who signed the option. Our statute of frauds (Section 4199, Revised Statutes) denies the right to maintain an action upon any contract for the sale of any interest in lands unless the agreement is in writing signed by the party to be charged, or by some authorized person. This contract is so signed by the party to be charged. The assent of the other party may be shown by parol. Pom. on Con., Sections 169, 170; Waterman on Spec. Per. Section 201; Cummins v Beavers, et al., 103 Va., 230; Bickett v White, 1 C. S. C. R. 170; Thayer v Luce, 22 Oh St.,

62; Ide v Leiser, 10 Mont., 5; Black v Maddox, 105 Ga. 157."
(Emphasis mine.)

In the case before us we have the reverse of the situation. presented by the three cases last referred to. Here the offerer or proposer of the contract signed the offer by her attorney; the offeree, the executor, orally accepted, but nowhere is there any note or memorandum in writing of the contract, signed by the executor, defendant in this action, who is sought to be charged. There is a writing showing that the offer was received, but nothing in writing signed by the party to be charged indicating an acceptance by him, or that a contract existed. This distinction was pointed out in the brief for defendant, and in plaintiff's reply brief we find the following:

"It is true that in the cases cited in the plaintiff's brief for the proposition that the acceptance need not be in writing, signed by the defendant executor, the offeree who orally accepted the written offer was seeking to hold the offerer, but there is no reason to distinguish those cases from the case at bar. The rule must work both ways. * *"

We think there is good reason to distinguish those cases from the case at bar, and that reason lies in the wording of the statute itself. The requirement is that the memorandum in writing be signed **by the party to be charged**, not the opposite party.

It is clear that the entry signed by the Probate Judge authorizing and instructing the executor to accept the offer of Rose C. Hannon did not constitute an acceptance in writing by the executor, and this is made plain by the case of **Black, et al., Executors, v. White, Judge, 132 Oh St, 58,** cited by the Court of Appeals in its ruling on the demurrer in this case wherein it was pointed out that a testamentary grant of power such as the executor had in this case for the sale of the real estate "divorces" the executor from the jurisdiction of the Court which appointed him over such land, and his only duty to such Court relative thereto is to account to it for the proceeds of the sale.

Being of the opinion that no "memorandum" is shown in this case sufficient to take the contract out of the operation of the statute of frauds, the judgment must be for the defendant executor, and the prayer of plaintiff for specific performance denied.

Motion for new trial may be filed, if desired, and overruled with exceptions.

(All emphasizing throughout memorandum of opinion, by the writer.)