**LEEB, Plaintiff-Appellee, v. BREMSON et al., Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20561—Decided December 2, 1946.

Gabriel Leeb, Cleveland, for plaintiff-appellee.
L. M. Rich, Cleveland, for defendants-appellants.

## OPINION

By HURD, J.

This is an action in equity for specific performance of a contract for the conveyance of real property, on appeal from the common pleas court which found for plaintiff and entered a decree accordingly.

The defendants are husband and wife. The wife alone signed the agreement by the terms of which she agreed to convey the premises in question by a good and sufficient war-

ranty deed "with all dower rights released." The trial court by decree provided that "in the event that the defendant wife failed to make conveyance to plaintiff with release of dower of Robert Bremson, the husband, a master commissioner appointed by the court is to compute the value of the inchoate dower of said Robert Bremson and give to plaintiff the abatement in the purchase price equal to the value of such inchoate dower."

While other claims of error are made, the one principally discussed by way of brief and oral argument was directed to this provision of the decree.

The evidence on this issue is that two real estate agents were present at the home of defendants when the wife signed the contract. One agent testified in part as follows:

"It happens we had four copies of this contract; the son-in-law, Mrs. Bremson and Mr. Bremson each had a copy to read. After we came to the terms as to the sale price, there was a little discussion as to possession. We ironed out the possession, which was satisfactory to the Bremsons, and he turned the contract over to Mrs. Bremson and says, 'the contract looks O. K. to me. Use your own judgment in the sale.'"

The other agent testified in part as follows:

"He (the husband) looked the contract over and says, 'it seems to be made out all right.' Had it there, laid it in front of her on the coffee table and said, 'it is all right, suit yourself' or words to that effect."

The defendant, Mollie Bremson, on cross-examination, testified in part as follows:

"Q. Now, at the time you signed this contract, you intended to convey this property to the purchaser, did you?

A. I did - -
* * *

Q. Are you prepared now to make a conveyance of this property to the purchaser?

A. I am not, for one reason, that my husband will not sign, and I have got a lot of trouble through that, and I said that to Mr. Tawney right away. I went to him and told him I have got trouble, my husband will not sign and all I have got is aggravation, because he will not give up the property.
* * *

Q. Now, as a matter of fact, you and your husband after you signed this contract, you and your husband together went

to look for other quarters, didn't you?

A. Well I went. He went with me also. Yes.

Q. And that was because you had entered into this contract?

A. Yes."

No evidence was proffered by or on behalf of the defendants.

The defendants rely upon the case of **Barnes v Christy, 102 Oh St 160,** and the following statement contained in **37 O. Jur. 53:**

"The established rule in many jurisdictions, which is the rule also in Ohio, is that—at least in the absence of fraud in the refusal of the wife to sign the conveyance—a court of equity will not order specific performance of a contract for the sale of land, with an abatement in the purchase price of the value of the inchoate dower interest of the vendor's wife, who declines or refuses to join in the conveyance so as to release that interest, nor order the husband to give any indemnity against the future assertion of that right. At least this is the rule where the vendee enters into the contract for the sale of land with the husband, knowing he is married."

The 7th paragraph of the syllabus of Barnes v. Christy, supra, is as follows:

"7. In an action to enforce the specific performance of a written contract, for the sale of real estate made by the owner of the fee, which contains no stipulation to convey with release of dower by his wife, if the wife refuses to release in any way her inchoate right of dower in the land and her refusal is not procured directly or indirectly by her husband, it is error to decree specific performance against the husband with an abatement from the contract price of the prospective value of the dower of the wife. (Lucas v Scott, **41 Oh St 636,** and **People's Savings Bank v Parisette, 68 Oh St 450** approved and followed)."

There are certain pertinent points of distinction between the instant case and the Barnes case. In the Barnes case there was no agreement to convey free of dower and there was no evidence of agreement by the wife to the sale and no evidence of collusion between husband and wife. In the instant

case, there was an agreement to convey free of dower and the husband while not signatory to the written agreement, joined in a discussion leading to the sale and was present when the wife signed. In fact the evidence indicates that he approved the sale when it was made but regretted it later for it was only after difficulty was experienced by both husband and wife in searching for other suitable property that any question was raised with respect to the release of dower. A fair inference can be drawn from the evidence that both husband and wife were using this issue as an excuse for refusal to perform. From a factual point of view, therefore, we cannot find that the trial court erred in decreeing specific performance with abatement.

The holding of the supreme court in the case of Barnes v. Christy, supra, is qualified by dicta intimating that in the event the refusal of the wife was by the procurement of the husband or on account of fraud, specific performance should be decreed. See 37 O. Jur. §53, p 72. We believe this should be the rule in Ohio.

In the case of **Sininger v Thurner, 36 Abs 422,** decided June 15, 1942, by the Court of Appeals of Hamilton County, the court said:

"It cannot be said without qualification that the Ohio rule is in accord with the majority or minority although in the Ohio cases the decisions have usually been against specific performance. However, in most cases, if not all, there is found a distinguishing fact. In **Lucas v Scott, 41 Oh St 636,** the vendor did not agree to convey with release of dower and the circumstances showed that he would have refused to so agree. In **Bank v Parisette, 68 Oh St 450,** also, there was no agreement to convey free of dower. This is also true in **Barnes v Christy, 102 Oh St 160.** We do not find an Ohio case in which the vendor expressly agreed to convey free of dower. See discussion of the subject in **37 O. Jur. §53, p 69, et seq.**"

In the above case the court was finally not required to determine abatement because the vendee agreed to accept the conveyance without abatement. We are, however, impressed with the soundness of the reasoning of the court in analyzing and distinguishing the cited Ohio cases. It is also worthy of note that in the instant case the defendant, Robert Bremson, did not specifically raise the issue of release of dower in his answer, neither did he appear at the trial. The only evidence of his refusal offered at the trial was the statement of his wife in support of her own refusal to perform. In this re-

spect the situation was comparable to the case of Miller v. Hadley, 109 N. J. Eq. 436, referred to in brief of counsel, where the court decreed specific performance and required the vendor to give an indemnity bond against the claim of dower, with the following observation:

"The answer filed by her (the wife) does not specifically allege that she disavows the contract and is unwilling to join with her husband in a deed conveying her dower right. She did not appear at the trial and her absence was unexplained and no evidence was offered touching her willingness or unwillingness to execute a deed to (plaintiff)."

It is our opinion that under the peculiar set of facts and circumstances disclosed by the record in this case, the trial court did not err in decreeing specific performance with abatement for release of dower according to well established principles of equity.

The judgment is affirmed.

SKEEL, PJ, and MORGAN, J, concur.