**CLOTFELTER, Plaintiff-Appellee, v. TELKER, et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1018.  Decided November 3, 1947.

Myron Coleman and D. J. Bianco, Steubenville, for plaintiff-appellee.

Fred A. Stone, Steubenville, Joseph J. Pisarro, Steubenville, for defendants-appellants.

## OPINION

By PHILLIPS, J.

Defendant Ruby Opal Telker, also known as Ruby Opal Talker, and formerly known as Ruby Opal Criss, hereinafter referred to as defendant Telker, entered into an agreement with plaintiff on the twenty-third day of July, 1945, to convey to him by good and sufficient deed of general warranty containing release of dower by her husband, Henry W. Telker,

real estate situated in Jefferson County, Ohio, upon payment of the sum of $1200.00, of which real estate plaintiff and his wife were then and for sometime prior thereto had been in possession.

By a deed in which her husband, Henry W. Telker, released "all his right of dower" on the eighth day of October, 1945, defendant Telker conveyed to John J. Mazalic and Rose E. Mazalic, his wife, the premises which she agreed on July 23, 1945, to convey to plaintiff.

Defendant Telker and her husband refused to convey to plaintiff the real estate described in the contract executed on July 23, 1945, and thereafter plaintiff commenced an action in the court of common pleas of Jefferson County to compel them to specifically perform such contract, and alleged therein that defendants John J. Mazalic and Rose E. Mazalic claimed an interest in the real estate described therein and prayed that they be ordered to set up such interest or be forever barred from claiming any interest therein, and that the named defendants be ordered to convey such real estate to him by deed of general warranty; and it is from the judgment of the court of common pleas entered in that action on the "15th day of February, 1947", and the order of that court "entered the 13th day of March, 1947" overruling motion for a new trial that defendant Telker appeals to us on questions of law and fact, and contends that the "alleged" contract of July 23, 1945, lacks mutuality and therefore is unenforceable in a court of equity.

There is evidence that at plaintiff's request defendant Telker contacted him at his home in Wintersville and enroute therefrom to the office of Attorney Fred Coleman, whom the evidence discloses she knew and who represented plaintiff and defendant Telker, they discussed the sale of the real estate in question, and that he gave her $25.00 to pay taxes and insurance as a down payment on the purchase price of the real estate; that the contract was prepared by Attorney Coleman, discussed by all present, and read and signed by her in his office in their presence.

While she did not allege fraud in the procurement of her signature to such contract as a defense, she testified that she did not know the contents of the contract, nor understand what she had signed, and that notwithstanding her execution of the agreement that she advised plaintiff that she would not convey the real estate described therein to him unless her husband agreed thereto, knowledge of which statement plaintiff denied; that immediately after execution of the contract plaintiff said to her "well, we will just let the twenty-five dollars that was paid for insurance and taxes go on a down

payment", which statement plaintiff likewise denied making.

Subsequent to the execution of the contract defendant Telker mailed the following letter headed "Monday 17" to plaintiff:—

"Glen:

A few lines in regards to Hank letter. I am sorrow the way it all turn out but Hank wont sign the deed there nothing I can do about it. I will give you back your $25.00 and if you have did any work on the place I will pay you for it. You know if Hank dont sign the deed I cant give you a legal deed. Write and let be know if you have did any work and how much I owe you and I will come down and get thing straiten out.

Mrs. Ruby Telker"

Considering the pleadings and evidence in this case carefully, as we have, we conclude that defendant Telker knew the nature and contents of the contract she signed and was satisfied therewith.

This conclusion brings us to a consideration of the question whether the contract dated July 23, 1945, signed by defendant Telker alone satisfies the requirements of §8621 GC, commonly known and generally referred to as the Statute of Frauds, which provides:—

"No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments, or interests in, or concerning them, nor upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

In the case of **Thayer v. Luce, et al, 22 Oh St 62,** the supreme court held that an undelivered signed deed was not a deed of conveyance of real estate, but was an executory contract for the sale and conveyance thereof and said:—

"An instrument of writing in the usual form of a deed of conveyance, but not delivered as such, may nevertheless be delivered as an executory contract, or as partial evidence of a contract to sell and convey the lands therein described;

and if signed and so delivered by the vendor, and accepted by the vendee, it is sufficient, in an action thereon, against the vendor, to take the case out of the operation of the statute of frauds.

"On the trial of an issue under the statute of frauds, the assent of the plaintiff to the terms of the contract may be shown by parol testimony."

Where one person makes a contract for the purchase of lands, as the agent of another, as well as for himself, signing the memorandum in his own name only, the court will not refuse specific performance on the ground of want of mutuality because the vendor could not have had recourse upon the party not signing. There is a mutual moral obligation at least, and if the vendee cannot enforce it, it is solely because the statute requires the written agreement to be signed by the party to be charged therewith. "The remedial laws of the state are under legislative control, and as we understand it, the reciprocal right of parties to enforce certain contracts by action is taken away by force of this statute." See Thayer v. Luce, supra.

On page 76 of the opinion in the case of **Thayer v. Luce,** supra, the court said:—

"The statute requires written evidence of the agreement to the extent of charging the defendant. Beyond that, the statute does not indicate the nature of the evidence required. And there is no reason why the rule requiring written evidence should be extended beyond the terms of the statute. It must be observed that the signature of the defendant only is required, and it must be further observed that verbal contracts touching the subject matter of the statute are not declared to be void. It follows, therefore, we think, that parol testimony may be admitted for the purpose of showing that the plaintiff agreed to and concurred in the terms of the writing relied upon."

Following the decision of the supreme court in the case of Thayer v. Luce, et al, supra, the court said in the case of Egle v. Morrison, 6 Ohio Circuit Court Reports (N. S.) 609, that:—

"A contract required by the statute of frauds to be in writing is sufficient if signed by one of the parties to be charged and

accepted by the other. The bringing of a suit for specific performance by the party whose name has not been appended to the contract establishes its acceptance by him."

On page 613 of the opinion the court said:—

"It is claimed in this case that the contract could not be enforced by the plaintiff because he had never signed the contract; but is seems to be held by the Supreme Court that where the transaction is within the statute of frauds, as in this case, if one of the parties signed the contract, the other may accept the contract and enforce it by action although he has not signed the contract at all."

In the first syllabus of the case of **Wiedemann Brewing Company v. Maxwell, 78 Oh St 54**, it is said:—

"Written agreements known as options are not necessarily void for lack of mutuality, and where accepted within the time specified may become valid and enforceable contracts. Nor are they rendered invalid by the fact that the acceptance by the promisee is verbal and not in writing. Such assent may be shown by parol.

On page 64 of the opinion the court said: —

"The requirement of mutuality is entirely satisfied when the acceptance within the proper time has been made. Nor does the fact that the acceptance by plaintiff in the present case was verbal destroy its right to enforce the contract against the party who signed the option. Our statute of frauds (section 4199, Revised Statutes) denies the right to maintain an action upon any contract for the sale of any interest in lands unless the agreement is in writing signed by the party to be charged, or by some authorized person. This contract is so signed by the party to be charged. The assent of the other party may be shown by parol."

"A written instrument, signed by the owner of real estate, directing her attorney to convey certain property, sufficiently described, at her death to a person named therein for personal services rendered, although ineffective as a power of attorney to execute such conveyance, is sufficient written memorandum to take the contract out of the statute of frauds." **Gillespie v. Loge, et al 2 O O 54.**

"Contracts which lack mutuality may not be specifically enforced as long as they are executory on both sides; when plaintiff has fully executed her obligations she may be entitled

to specific performance." **Meier Grape Juice Co. v. Koehne, 3 Abs 619.**

"A 'memorandum' of a contract for the sale of real estate must be in writing and signed by the party to be charged, that is, the party against whom enforcement of the agreement is invoked, or against whom it is sought to enforce the contract." **Hannon v. Robinson, 44 Abs 300.**

The case of Hannon v. Robinson, supra, refers to the Ohio cases upon the question under discussion, reference to and quotations from some of which have been made herein.

Applying the quoted law to the evidence in this case we have no difficulty concluding that the contract signed by defendant Telker July 23, 1945, satisfies the statute of frauds.

There is no allegation in Mazalics' answer that they were bona fide purchasers of the property described in the contract dated July 23, 1945, for a valuable consideration and without notice of plaintiff's claim to such real estate; although they testified that they paid $2300.00 for the real estate deeded to them and executed a mortgage to defendant Telker for the full amount of the purchase price, and claim here, unlike in the court of common pleas, that they were bona fide purchasers of the property described in the contract dated July 23, 1945, for a valuable consideration.

There is evidence that such contract was recorded in September 1945, prior to the execution of their deed on October 8, 1945, which we do not construe as constituting notice to defendants Mazalic as ordinarily the recording of a land contract does not constitute notice thereof to a purchaser of the land covered thereby.

Also there is evidence that in 1946, subsequent to execution of the deed to Mazalics, defendant Telker sued plaintiff in the municipal court of Steubenville for a writ of restitution of the property conveyed to Mazalics in which she alleged ownership thereof.

"Possession of property raises no presumptions as to the good faith of the transfer to the possessor. The burden of proving purchase in good faith is upon the party asserting it. Hence, the burden of establishing a purchase in good faith without notice rests upon the one asserting such claim. On the question of the burden of proof as to the good faith of a purchaser claiming against a prior unrecorded conveyance or encumbrance there is much conflict of opinion, but the numerical weight of authority, at least, supports the proposition that the burden of proof lies upon the subsequent pur-

chaser to show not only that he purchased the property in question for a valuable consideration, but that he did so without notice of the other party's claim." Abbott on Facts, page 825, Section 604.

The burden of proving that they were bona fide purchasers of the real estate for the conveyance to them of which they accepted a deed from defendant Telker for value and without notice of plaintiff's claim thereto and thereon was upon defendants Mazalic as the asserters of purchase thereof by them, which burden in our opinion they have failed to carry; and accordingly we hold that they were not bona fide purchasers of such property for value without notice in this case. From the testimony of defendant John J. Mazalic it is clear to us that he had knowledge of plaintiff's agreement with defendant Telker before she conveyed the real estate in question to him.

Now we come to consider whether plaintiff is entitled to specific performance of the contract executed by defendant Telker on July 23, 1945.

In **Lucas v. Scott, 41 Oh St 636**, the first and perhaps the leading case in Ohio on the question, the supreme court held that "it was error to decree a specific performance against the husband with an abatement from the contract price of the land, of the value of the prospective dower of the wife".

In struggling with the question of how to protect a purchaser of real estate against the contingent right of dower of the seller's spouse, where, as in this case, the seller is unable to convey with release of dower, the seller's spouse refusing to sign the deed, the court in the case of **Stanley v. Bedinger, 2 Ohio Circuit Reports 344**, held that the purchaser was entitled to protection against the contingent right of dower of the seller's spouse; and that "the manner in which such protection should be extended to the purchaser, is by requiring the purchaser to execute a mortgage to the seller, for whatever amount of the purchase money the court shall deem right, to protect him against the contingent dower of the seller's" spouse.

Subsequently in the case of **The Peoples' Savings Bank v. Parisette, 68 Oh St 450**, in which the facts were not the same as in the instant case, it was held that "the court will not decree specific performance against the husband with an abatement in the contract price of the land of the estimated value of the prospective dower of the wife".

In the last pronouncement by the supreme court upon the question in which they approved the holdings of the courts in Lucas v. Scott and Peoples' Savings Bank v. Parisette, supra, in which unlike this case the seller did not agree to convey

with release of dower, the supreme court in the case of **Barnes v. Christy, et al, 102 Oh St 160,** in which there was no stipulation to convey with release of dower, said:—

"In an action to enforce the specific performance of a written contract for the sale of real estate made by the owner of the fee, which contains no stipulation to convey with release of dower by his wife, if the wife refuses to release in any way· her inchoate right of dower in the land and her refusal is not procured directly or indirectly by her husband, it is error to decree specific performance against the husband with an abatement from the contract price of the prospective value of the dower of the wife."

Finally, in the case of **Sininger v. Thurner, et al, 36 Abs 422,** where with the exception of the fact that "the defendant consented in open court to accepting title without judicial determination of the value of the dower and an abatement in some way of that amount", the facts are similar to those in the case at bar, the court said:—

"Specific performance of a contract by a deed containing covenants of general warranty only, without release of dower, will be granted where the defendant in open court consents to accepting title without any judicial determination of the value of the dower and an abatement in some way of that amount, notwithstanding the contract expressly bound the plaintiff to obtain a release of dower in addition to executing a general warranty deed."

In that case the contract bound the seller to obtain a release of dower in addition to executing a deed with general warranty.

In the instant case, unlike that case, we are not called upon to determine whether the seller could be required to convey subject to dower and accept an abatement from the contract price of the value of the outstanding dower for the stated reason that in this case plaintiff did not consent in · open court to accept the title without an abatement of the value of the dower. However, it was stipulated and agreed by and between counsel for the respective parties that plaintiff would take title to the property to which reference is made in the contract of July 23, 1945, and pay therefor the amount stipulated therein, without abatement in price, because of the ▮ refusal of defendant Henry W. Telker to relase his rights of dower therein.

In view of the evidence that plaintiff knew defendant Telker was married and that her husband was in the armed services and was advised by Attorney Coleman, as stated elsewhere herein, that her husband must sign the deed, and his stipulation to which reference is made herein, we conclude not to grant specific performance against defendant Henry W. Telker.

Upon the evidence with reference to the rights of defendants Mazalic, and in view of our holding that defendants Mazalic were not bona fide purchasers of the real estate in question for value without notice, we conclude and so hold that they are trustees of the real estate in question.

Applying the law to the facts in this case as they come before us we reach the conclusion and so hold that the report of the referee must be and hereby is confirmed, and that plaintiff is entitled to a decree of specific performance against defendant Telker without abatement.

A journal entry drawn in conformity with the finding of the court and this opinion may be presented.

CARTER, PJ, NICHOLS, J, concur in judgment.